Fidel Cassino-DuCloux
   Federal Public Defender
Stephen R. Sady
   Chief Deputy Federal Public Defender
Julie Vandiver, Jessica Snyder,
Robert Hamilton, Michael Benson,
Peyton E. Lee, and Megha Desai
   Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel:      (503) 326-2123
Fax:      (503) 326-5524
Emails: Fidel_Cassino-DuCloux@fd.org
          Steve_Sady@fd.org
          Julie_Vandiver@fd.org
          Jessica_Snyder@fd.org
          Robert_Hamilton@fd.org
          Michael_Benson@fd.org
          Peyton_Lee@fd.org
          Megha_Desai@fd.org

Attorneys for Petitioners

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CALEB AIONA, JOSHUA SHANE BARTLETT, WALTER BETSCHART, TYRIK DAWKINS, JOSHUA JAMES-RICHARDS, TANIELA KINI KIN LATU, RICHARD OWENS, LEON MICHAEL POLASKI, ALEX SARAT XOTOY, AND TIMOTHY WILSON, on their behalf, and on behalf of all others similarly situated<br><br>           **Petitioners,**<br><br>    v.<br><br>PATRICK GARRETT, WASHINGTON COUNTY SHERIFF, in his official capacity.<br><br>          **Respondent.** | Case No.      3:23-cv-01097<br><br>PETITION PURSUANT TO  28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS BY PERSONS IN STATE CUSTODY<br><br>Class Action Allegation Petition<br>Expedited Consideration Requested |

Page 1   PETITION FOR WRIT OF HABEAS CORPUS BY PERSONS IN STATE CUSTODY, 28 U.S.C. § 2241

## I.    INTRODUCTION

The petitioners constitute a small percentage of the thousands of Oregonians who suffer an ongoing deprivation of liberty—both in jail and on restrictive conditions in the community—in violation of their federal constitutional rights to be represented by an attorney when charged with a crime. *Gideon v. Wainwright*, 372 U.S. 335 (1963). "[T]he right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie County.*, 554 U.S. 191, 194 (2008). To be effective, the right to counsel requires client confidence and continuity of representation. *United States v. Bergeson*, 425 F.3d 1221, 1226 (9th Cir. 2005) ("A client's confidence in his lawyer, and continuity of the attorney-client relationship, are critical to our system of justice."). Contrary to their basic Sixth Amendment rights, the petitioners have been held by Washington County, without an attorney appointed to represent them, for many days, weeks, and months, after their first judicial appearance.

In each of these cases, the Washington County Circuit Court has appointed "OPDS" as a placeholder for counsel, yet no actual attorney appears to counsel and assist the petitioners. [1] This practice, and the long delay in appointment of actual counsel, harkens back to the Supreme Court's ruling 91 years ago in *Powell v. Alabama*, 287 U.S. 45 (1932). There, an Alabama court appointed "all members of the bar" to represent a group of young Black men charged with rape. The Court held such appointment was no more than a gesture, and explained why the defendants, like the petitioners, were irreparably harmed: "from the time of their arraignment until the beginning of their trial, when consultation, thoroughgoing investigation and preparation were vitally important,

---

[1] Office of Public Defense Services. Recently passed legislation renames this organization Oregon Public Defense Commission (OPDC).

the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself." *Id.* at 57.

The period of time after the first adversarial appearance is critical because, once the prosecution begins, the "accused finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Rothgery*, 554 U.S. at 198 (internal quotation omitted). The Supreme Court has spoken clearly that "a defendant subject to accusation after initial appearance is headed for trial and needs to get a lawyer working, whether to attempt to avoid that trial or to be ready with a defense when the trial date arrives." *Id.* at 210. The American Bar Association standards that the Supreme Court has found to guide the norms for effective assistance of counsel require active advocacy from the time of the first appearance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (ABA standards reflect "[p]revailing norms of practice" and guide determinations of reasonable representation); ABA Criminal Justice Standards, Defense Function § 4-2.3 (4th Ed. 2017) ("A defense counsel should be made available in person to a criminally-accused person for consultation at or before any appearance before a judicial officer, including the first appearance."). In contrast, the petitioners are in custody under conditions that make a mockery of the ABA standards: they have no attorney at all to contest their detention or restrictions in the community, no one to counsel them about their charges, no one to investigate their cases and preserve relevant evidence. *See, e.g.*, ABA Standard 4-3.7 (Prompt and Thorough Actions to Protect the Client); § 4-4.1 (Duty to Investigate and Engage Investigators); 4-6.2 (Negotiated Disposition Discussions).

The petitioners are not alone in their unlawful custody. As of this filing, there are 56 persons in Washington County Detention Center and 232 on restrictive conditions in the

community who qualify for counsel but have been left to face the power of the state alone. Many unrepresented are facing preventative detention hearings without counsel, with the state arguing facts specific to the defendant that warrant their continued detention.

The violations of Sixth Amendment rights are obvious: Washington County prosecutors have acknowledged on the record that rights are being violated and defendants are suffering irreparable harm. But to date no effective state remedy has been afforded despite the year-long failures to provide appointed attorneys. As with other historic state actions that systematically deprived classes of Americans of their constitutional rights, the federal courts provide the ultimate safeguard against Oregonians being held in jail or under restrictive conditions in the community in violation of their constitutional rights. The right to counsel is "essential" because defense attorneys "are the means through which the other rights of the person on trial are secured." *United States v. Cronic*, 466 U.S. 648, 653 (1984). The petitioners seek class certification and expedited consideration of this petition to breathe life into the Sixth Amendment: if there is no remedy, there is no right.

The petitioners seek a writ of habeas corpus and immediate release pursuant to 28 U.S.C. §2241 on the grounds that they are being unlawfully held in custody of the Washington County Sheriff in violation of their federal constitutional rights. Each petitioner is indigent, and the United States District Court of Oregon appointed undersigned counsel to represent them in this matter.[2]

---

[2] The signed appointment orders will be separately filed with the Court.

## II.    NATURE OF THE ACTION

1.    The petitioners seek a writ of habeas corpus and equitable relief pursuant to 28 U.S.C. §2241 on the grounds that they are in custody of the Washington County Sheriff based on a pending criminal prosecution brought in the name of the state of Oregon.

## III.    JURISDICTION AND VENUE

2.    The petitioners are in custody of the Washington County Sheriff either because they are being held in the Washington County Detention Center, Washington County Community Corrections, or have been placed on restrictive conditions in the community. 28 U.S.C. §2241 confers jurisdiction on the Court. *See Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973); *Jones v. Cunningham*, 371 U.S. 236, 236 (1963). Venue is proper because the petitioners are in custody within the District of Oregon. This Court also has jurisdiction to redress deprivation, under color of state law, rights secured by the Constitution under 28 U.S.C. § 1343(a)(3).

## IV.    PARTIES

3.    The petitioners are indigent defendants facing criminal charges in Washington County, Oregon, and are either housed in the Washington County Detention Center, Washington County Community Corrections, or are in custody because their freedom is restricted by conditions in the community. They have either not had an attorney appointed to their case, or they have had an attorney appointed to their case who subsequently withdrew from the case and no substitute counsel has been appointed.

4.    The Sheriff of Washington County and is the custodian of those within the Washington County Detention Center. He is named in his official capacity. He is the proper respondent because he has the power to bring the petitioners before the Court so that the writ can be issued.

## V.    FACTUAL ALLEGATIONS

5.    **Caleb Aiona** was arraigned in Washington County Circuit Court, Case Number 23CR17208 on April 17, 2023, on charges of unlawful use of a weapon and menacing constituting domestic violence.  No lawyer was appointed to represent him.  The court set bail at $10,000 and ordered restrictive conditions in the community including: complete house arrest other than to attend work, and medical, legal, and mental health appointments; residing with the responsible person; inability to leave the residence unless accompanied by the responsible person or person approved by Court Release Office. When the court set these restrictive conditions at arraignment, Mr. Aiona did not have counsel to oppose them. Mr. Aiona paid $1,000 in bail on April 17, 2023. Mr. Aiona has made three appearances in court while unrepresented. Those appearances are: April 17, 2023, arraignment; May 10, 2023, status conference; July 10, 2023, status conference.

6.    **Joshua Shane Bartlett** is charged with two crimes in Washington County: 23CR26723 (misdemeanor strangulation, misdemeanor assault, and two counts of misdemeanor harassment); and 23CN03163 (contempt of court). Mr. Bartlett is also held in Washington County on a fugitive complaint for Attempted Grand Larceny, which is defined under Nevada law as attempting to steal the property of another valued at more than $1,200.

7.    Mr. Bartlett has been without an attorney since May 31, 2023. He has been held in custody since June 26, 2023—thirty-one days today.[3] Since being charged, Mr. Bartlett has had the following unrepresented court appearances: June 12, 2023, arraignment; June 26, 2023,

---

[3] Mr. Bartlett is held on the extradition case and the contempt case. He has been released on 23CR26723. Moreover, on July 24, 2023, the court appears to have appointed Metropolitan Public Defender to represent Mr. Bartlett on the extradition case only. No attorney has made an appearance on the docket.

arraignment; July 10, 2023, case management hearing; July 11, 2023, pretrial release hearing; July 24, 2023, case management hearing.

8.     **Walter Betschart** is charged in Washington Circuit Court Docket No. 23CR18586 with unlawful use of a weapon, menacing, and two counts of criminal mischief in the first degree. He is charged in Washington Circuit Court Docket No. 23CR26835 with violating a court's stalking protective order. He is also charged in Washington County Circuit Court Docket No. 23CN01889, 23CN02833, and 23CN01983 with contempt of court. Mr. Betschart is currently incarcerated on those charges in the custody of the Washington County Sheriff, housed at the Washington County Detention Center since June 6, 2023. Mr. Betschart made his first appearance on April 20, 2023, and was arraigned on the unlawful use of weapon, menacing, and criminal mischief charges. Although Mr. Betschart is indigent, he has never received appointed counsel since the initiation of the case, a total of 96 days. Instead, the court docket notes that on April 20, 2023, Judicial Officer Beth Roberts entered an order finding that Mr. Betschart's request for court-appointed counsel was approved and that "OPDS" was appointed. Nevertheless, Mr. Betschart has made eight court appearances while unrepresented. Those appearances are April 20, 2023, arraignment (with standby counsel was present); April 27, 2023, arraignment; May 15, 2023, case management; May 30, 2023, case management; June 8, 2023, release hearing; June 20, 2023, case management hearing; July 18, 2023, case management hearing.

9.     **Tyrik Dawkins** is charged in Washington County Circuit Court Docket No. 23CR08636 with four counts of rape in the first degree, four counts of sexual abuse in the first degree, four counts of sodomy in the first degree, two counts kidnapping in the first degree, and one count of coercion. Mr. Dawkins is currently incarcerated on those charges in the custody of

the Washington County Sheriff, housed at the Washington County Detention Center since May 10, 2023. The case was initiated on February 22, 2023. Mr. Dawkins made his first appearance on May 11, 2023.

10.     Although Mr. Dawkins is indigent, he does not presently have appointed counsel. Counsel was previously appointed on June 6, 2023, nearly one month after Mr. Dawkins was arraigned in Washington County, but appointed counsel was allowed to withdraw from the case on June 27, 2023, due to a conflict of interest under Oregon Rule of Professional Conduct 1.9. Mr. Dawkins has been without counsel for a cumulative total of 56 days. Mr. Dawkins has made four appearances while unrepresented. He appeared for an arraignment on an indictment on May 11, 2023 (with standby counsel appeared to complete the arraignment only). He appeared without counsel for a hearing on the government's motion for preventative detention on May 18, 2023. He was "preventatively detained" under Or. Rev. Stat. § 135.240(4)(a) as a result of that hearing, suspending his statutory right to a trial or release within 60 days. He appeared for a case management hearing on May 30, 2023, without counsel. After appointed counsel withdrew, he appeared without counsel on July 17, 2023, at another case management hearing. He is scheduled for a further hearing on July 31, 2023.

11.     **Joshua James-Richards** is charged in Washington County Circuit Court Docket No. 23CR29312 with assaulting a public safety officer, strangulation and resisting arrest. Mr. James-Richards is currently incarcerated on those charges in the custody of the Washington County Sheriff, housed at Washington County Detention Center since June 21, 2023. The case was initiated on June 21, 2023, when Mr. James-Richards made his first appearance. Although Mr. James-Richards is indigent, he has never received appointed counsel since the initiation of the

case, a total of 35 days. Mr. James-Richards has made three appearances while unrepresented. He appeared for an arraignment on an information on June 21, 2023 (with standby counsel for the arraignment only). An order setting bail and release conditions was made at that time. He appeared for an arraignment on an indictment on June 28, 2023. A grand jury had already been convened and returned an indictment without Mr. James-Richards having the benefit of counsel to discuss a choice to testify or not. He appeared without counsel on July 24, 2023, at a case management conference. A date was scheduled for July 26, 2023, for a potential modification of his pre-trial release conditions, and a future case management date was scheduled for August 14, 2023.

12.    **Taniela Kini Kini Latu** is charged with Burglary in the First Degree, Theft in the First Degree, and Felon in Possession of a Firearm in case number 23CR29887. He has been held in custody without an attorney since his arrest on June 23, 2023, for a total of 32 todays. Since being charged, Mr. Latu has made the following unrepresented appearances in court: June 23, 2023, arraignment; June 30, 2023, arraignment; July 17, 2023, case management hearing. On June 23, 2023, the court set bail security of $250,000, with a requirement that Mr. Latu post ten percent of the security amount ($25,000). If allowed to leave the jail, Mr. Latu would need to be under the supervision of a court approved "responsible person" and will be under house arrest. Mr. Latu has been unable to post the required security.

13.    **Richard Owens** was arraigned on charges of unlawful use of a weapon, menacing, and felon in possession of a firearm on June 12, 2023. No lawyer was appointed to represent him. On June 16, the court held a pre-trial release hearing, and the Washington County District Attorney moved for preventative detention. Mr. Owens appeared at that hearing without the assistance of counsel. The court continued to detain Mr. Owens without bail but ordered the

Washington County District Attorney to send Mr. Owens a copy of the documents relied on in the motion. The court held a second pretrial release hearing on June 30, 2023. The court continued to detain Mr. Owens but set a further pretrial detention hearing for July 10, 2023. Mr. Owens appeared at that hearing without the assistance of counsel. The court required Mr. Owens to waive counsel at that hearing in order for the court to consider releasing him. The court set his bail at $100,000 and placed him on house arrest. Mr. Owens cannot afford bail, and he is excluded from returning to his home by the same order, and thus cannot comply with house arrest. Mr. Owens is detained at the Washington County Community Corrections Center.

14.     **Leon Michael Polaski** was arraigned on charges of, strangulation, assault in the fourth degree, interference with making a report, and tampering with a witness on June 21, 2023. No lawyer was appointed to represent him. The Washington County District Attorney filed a motion for preventative detention on June 26, 2023. Mr. Polaski appeared without counsel for a probable cause and pretrial release hearing without the assistance of counsel on June 28, 2023. The court held the hearing, denied him release, and arraigned him on an indictment returned that same day. The court set a further pretrial release hearing for July 19, 2023. Mr. Polaski appeared at the July 19, 2023, hearing without the assistance of counsel. The court set bail at $10,000 and authorized release under certain conditions. Mr. Polaski has been unable to meet those conditions or post bail. He is detained at the Washington County Detention Center. Mr. Polaski appeared for a case management hearing on July 24, 2023, without the assistance of counsel and has a further hearing set for August 7, 2023.

15.     **Alex Sarat Xotoy** is charged in Washington Circuit Court Docket No. 22CR58185 with attempted rape, three counts of sexual abuse in the first degree, attempted sexual abuse in the

first degree, and assault in the fourth degree. The case was initiated on December 5, 2022. Mr. Sarat Xotoy made his first appearance that same day. Mr. Sarat Xotoy was held in the Washington County Detention Center until May 9, 2023, when he was placed on house arrest and under further conditions in the community. His house arrest conditions include restrictions on his ability to leave his house except for work, counseling, legal or medical appointments, prohibition on possession or use of alcohol, and prohibition on contact with described individuals. He is required to wear an GPS monitoring bracelet.

16.    Although Mr. Sarat Xotoy is indigent, he does not presently have appointed counsel. On February 13, 2023, Vicki Vernon appeared on behalf of Mr. Sarat Xotoy. On March 17, 2023, Ms. Vernon moved to withdraw, citing a conflict of interest. On March 30, 2023, a subsequent order was entered granting Ms. Vernon's motion to withdraw and again appointing "OPDS" to represent Mr. Sarat Xotoy. Mr. Sarat Xotoy has had an attorney for only 31 of the 232 days that he has faced the state's charges. It has been 117 days since Mr. Sarat Xotoy last had counsel.

17.    Mr. Sarat Xotoy has made at least sixteen court appearances while unrepresented. Those appearances are: December 5, 2022, arraignment; December 12, 2022, pretrial release hearing; December 20, 2022, pretrial release hearing; December 27, 2022, case management hearing; January 9, 2023, case management hearing; January 23, 2023, case management hearing; January 30, 2023, case management hearing; April 10, 2023, case management hearing; April 24, 2023, case management hearing; April 25, 2023, case management hearing; May 4, 2023, pretrial release hearing; May 11, 2023, status check hearing; May 22, 2023, case management hearing;

May 24, 2023, hearing on motion to modify release conditions; June 21, 2023, case management hearing; June 29, 2023.

18.    **Timothy Wilson** was arraigned June 6, 2023, on charges of public indecency. He was ordered into the supervision of a "responsible person," but has no such person. No attorney was appointed to represent him. Mr. Wilson then appeared for an arraignment on an indictment without the assistance of counsel on June 13, 2023. The court set a case management hearing for June 26, 2023. He appeared at that hearing without counsel. The court set another case management hearing for July 10, 2023, at which he again appeared without counsel. Mr. Wilson also appeared without counsel for a pre-trial release hearing on July 25, 2023. The court modified his conditions of release at that hearing, but he has not yet been released from jail. The court has recommended that he be placed in community corrections. His next case management hearing is July 31, 2023.

19.    All petitioners have suffered and continue to suffer irreparable harm from unconstitutional custody while subject to criminal prosecution. They have been unable to receive advice or advocacy from counsel during the pendency of their charges. They have no advocate to investigate their cases or preserve evidence. They are, by nature of their detention or their restrictive conditions, prevented or impaired from investigating their own cases. None have waived counsel in compliance with the constitutional requirements of *Faretta v. California*, 422 U.S. 806 (1975). Moreover, they have been forced to proceed with uncounseled hearings where they must choose to either make uncounseled statements or have no opportunity to be heard.

## VI.    CLASS ACTION ALLEGATIONS

20.    Each of the petitioners are in custody for the purposes of jurisdiction under 28 U.S.C. § 2241(c) because they are being held prior to trial pursuant to criminal charges in

Washington County and are held either in the Washington County Detention Center, Washington County Community Corrections, or are in the community under restrictive conditions imposed by the Washington County Circuit Court.

21.    Each of the petitioners are indigent for the purposes of the Sixth Amendment and do not have individual counsel assigned to represent them on their pending charge.

22.    There are approximately 288 similarly situated potential petitioners charged in Washington County but without counsel, 56 of whom are in the Washington County Detention Center and 232 of whom are on restrictive conditions in the community, some of whom are held in Washington County Community Corrections.

23.    All similarly situated persons in custody constitute a class defined as:

> The class consists of criminal defendants facing charges in Washington County, Oregon, who are either housed in the Washington County Detention Center, Washington County Community Corrections, or on restrictive conditions in the community who have either not had an attorney appointed to their case, or they have had an attorney appointed to their case who subsequently withdrew from the case and no substitute counsel has been appointed.

24.    The members of the defined class are so numerous that individual litigation is impractical.

25.    The class members share common questions of law and fact regarding the deprivation of federal constitutional rights after the Sixth Amendment right to counsel attaches.

26.    The rights denied by those in the defined class are typical of each of the class members under the Sixth Amendment and Due Process and Equal Protection Clauses.

27.     The class representatives will fairly and adequately represent the interests of the class because the Federal Public Defender has experience litigating similar issues and the firm of Sugerman Dahab is assisting with the class representation.

28.     The class seeks injunctive and declaratory relief under Rule 23(b)(2).

## VII.    CLAIMS FOR RELIEF

### First Claim for Relief
### Violation Of The Right To Counsel

29.     Based on the foregoing, the petitioners' custody violates the Sixth Amendment, made applicable to the State of Oregon through the Fourteenth Amendment, which guarantees indigent defendants charged with felonies the right to appointed counsel to assist in their defense following initiation of criminal proceedings. *Rothgery*, 554 U.S. at 194; *Gideon*, 372 U.S. at 343-45. "The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

30.     The Sixth Amendment requires the presence of counsel at all critical stages of the criminal process. *United States v. Wade*, 388 U.S. 218, 237 (1967); *Powell*, 287 U.S. at 57. "In deciding what qualifies as a critical stage, courts have recognized that the period from arraignment to trial is 'perhaps the most critical period of the proceedings.'" *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004) (simplified) (quoting *Wade* and *Powell*). Arraignments are "[a]mong the stages of a prosecution deemed 'critical' for Sixth Amendment purposes[.]" *Id.* (citing *Hamilton v. Alabama*, 368 U.S. 52, 53-55 (1961)). Preliminary hearings and bail hearings are also critical stages, *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970), as is "the process of plea bargaining and period of defendant's potential cooperation with the government." *Id.* (citing *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003)).

31.     The Sixth Amendment right to "'counsel is by far the most pervasive'" of all constitutional rights because it affects a defendant's "'ability to assert any other rights he may have.'" *Cronic*, 466 U.S. at 654 (citation omitted). Deprivation of the right to the assistance of

counsel in criminal proceedings constitutes structural error and is prejudicial per se. *Hamilton*, 391 F.3d at 1070 ("Where counsel is absent during a critical stage, the defendant need not show prejudice. Rather, prejudice is presumed, 'because the adversary process itself has become presumptively unreliable.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (quoting *Cronic*, 466 U.S. at 659)).

**Second Claim for Relief**
**Violation Of Due Process Liberty And The Eighth Amendment**

32.      Based on the foregoing, the pretrial detention of the petitioners without counsel violates the Eighth Amendment and the Due Process Clause. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The carefully limited exception forecloses detention unless, "after an adversary hearing," certain factual determinations are made. *Id*. To comply with due process and the Eighth Amendment, "[d]etainees have a right to counsel at the detention hearing." *Id*. at 751 (citing the Bail Reform Act). "The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty[.]" *Boumediene v. Bush*, 553 U.S. 723, 739 (2008). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

**Third Claim For Relief:**
**Violation Of Procedural Due Process By Prosecution Without Counsel**

33.      Based on the foregoing, the petitioners are in custody in violation of the procedural due process guaranteed by the Fifth and Fourteenth Amendments. The balance of interests establishes that, where liberty is at issue and the State is represented by counsel, requiring the indigent defendant who has not waived counsel to proceed without counsel is unconstitutional. *See*

*United States v. Salerno*, 481 U.S. 739, 746 (1987) (citing *Matthews v. Eldridge*, 424 U.S. 319 (1976)). The failure to provide counsel to the petitioners during their criminal proceedings has deprived them of important procedural protections. By conducting proceedings with the petitioners in the absence of counsel and without a voluntary waiver in compliance with *Faretta*, they have been required to either make uncounseled statements and interact directly with the court hearing their case and the prosecutor charging them, or alternatively have no opportunity to be heard.

**Fourth Claim for Relief:**
**Violation Of Equal Protection And Due Process Based On Indigency**

34.      Based on the foregoing, the petitioners are in custody in violation of the equal protection and due process protections against discrimination based on wealth. *Bearden v. Georgia*, 461 U.S. 660,665 (1983) (where discrimination is based on indigency, "[d]ue process and equal protection principles converge in the Court's analysis[.]")

**VIII.   PRAYER FOR RELIEF**

The petitioners, respectfully request that this Court:

1.      Certify the class consisting of criminal defendants facing charges in Washington County, Oregon, who are either housed in the Washington County Detention Center, Washington County Community Corrections, or on restrictive conditions in the community who have either not had an attorney appointed to their case, or they have had an attorney appointed to their case who subsequently withdrew from the case and no substitute counsel has been appointed.

2.      Authorize such procedural steps as needed to resolve any disputes regarding the facts alleged in this petition, including but not limited to discovery such as depositions, requests for admissions, interrogatories, and preservation of evidence, as well as holding an evidentiary hearing to resolve any disputed facts.

**Page 16 PETITION FOR WRIT OF HABEAS CORPUS BY PERSONS IN STATE CUSTODY, 28 U.S.C. § 2241**

3.      Grant a writ of habeas corpus and enter a declaratory judgment that class members including the petitioners have been held in unlawful custody in violation of their rights under the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment from the commencement of adversarial proceedings to such time as counsel is appointed with full ethical responsibility to represent the individual class member.

4.      Grant a writ of habeas corpus ordering such equitable relief as "law and justice require" under 28 U.S.C. § 2243 including but not limited to unconditional release from custody, or, in the alternative, provision of sufficient money for class members to hire private attorneys, and such further relief as is appropriate and just.

Respectfully submitted, this 27th day of July, 2023.

*/s/ Fidel Cassino-DuCloux*
Fidel Cassino-DuCloux

/s/ *Stephen R. Sady*                       /s/ *Robert Hamilton*
Stephen R. Sady                              Robert Hamilton

/s/ *Julie Vandiver*                          /s/ *Peyton E. Lee*
Julie Vandiver                                Peyton E. Lee

/s/ *Jessica Snyder*                          /s/ *Megha Desai*
Jessica Snyder                                Megha Desai

/s/ *Michael Benson*
Michael Benson


*Attorneys for Petitioners*