**Fidel Cassino-DuCloux**
   Federal Public Defender
**Stephen R. Sady**
   Chief Deputy Federal Public Defender
**Julie Vandiver, Jessica Snyder,**
**Robert Hamilton, Michael Benson,**
**Peyton E. Lee, and Megha Desai**
   Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel:    (503) 326-2123
Fax:   (503) 326-5524

**David F. Sugerman**, OSB 862984
**Nadia Dahab**, OSB 125630
Sugerman Dahab
707 SW Washington St., Ste. 600
Portland, OR 97205
Tel:    (503) 228-6474
Fax:   (503) 228-2556

**Attorneys for Petitioners**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALEB AIONA, JOSHUA SHANE BARTLETT,  WALTER BETSCHART, TYRIK DAWKINS, JOSHUA JAMES-RICHARDS, TANIELA KINI KIN LATU, RICHARD OWENS, LEON MICHAEL POLASKI, ALEX SARAT XOTOY, AND TIMOTHY WILSON, on their behalf, and on behalf of all others similarly situated,**<br><br>                **Petitioners,**<br><br>    v.<br><br>**PATRICK GARRETT, WASHINGTON COUNTY SHERIFF, in his official capacity.**<br><br>                **Respondent.** | Case No. 3:23-cv-01097-CL<br><br>MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL CLASS CERTIFICATION<br><br>(EXPEDITED CONSIDERATION REQUESTED) |

**Introduction**

The petitioners, through undersigned counsel, respectfully request that this proceeding be provisionally certified a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following class:

> All indigent persons facing criminal charges in Washington County, Oregon, who are housed in the Washington County Detention Center or are otherwise in custody because they have restrictions on their liberty in the community, and who have not had an attorney appointed to their case or have had an attorney appointed to their case who subsequently withdrew from the case and no substitute counsel has been appointed.

Because the Court has not yet screened and ordered the habeas petition served on the respondent, undersigned has not sought the position of opposing counsel as required by Local Rule 7-1.

This case is ideally suited for class certification. All class members are in custody without an appointed lawyer and have thus been deprived of their right to counsel and their right to equal protection and due process. Accordingly, all class members face irreparable harm based on a common legal question: whether holding indigent defendants in custody without counsel based on pending criminal charges violates their federal constitutional rights under the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In addition to the common questions of law, class certification in the habeas corpus context provides the optimal form of litigation because: 1) the class members are too numerous for ease of individual litigation; 2) the cumulative loss of liberty and public expense is great; and 3) representation by counsel on a class basis assures equal treatment of petitioners while avoiding the inefficiencies of separate counsel for each class member. All members of the class face sufficient irreparable harm to have common interest in immediate injunctive relief.

A. **Legal Standards For Class Certification**

As with other civil actions, "a class action may lie in habeas corpus." *Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir. 1987) (citing *Mead v. Parker*, 464 F.2d 1108, 1112-13 (9th Cir. 1972)); *see also United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125-27 (2d Cir. 1974); *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973). The principal purpose of a class action is "efficiency and economy of litigation." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). When considering the certification of a class, the Court does not assess the merits of the claims. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1111-12 (9th Cir. 2014). All of the requirements under Rule 23 are met in this case. Therefore, this action should proceed as a class action on behalf of indigent persons who face criminal charges in Washington County, Oregon, who are in jail or on restrictive conditions in the community, who do not have an attorney representing them on their case, and who face irreparable harm from their unconstitutional custody while subject to criminal prosecution. While in custody, these individuals are unable to receive advice or advocacy from counsel during the pendency of their charges. Moreover, they have been forced to proceed with uncounseled hearings where they must choose to either make uncounseled statements or have no opportunity to be heard. As a whole, class members suffer from grave deprivation of counsel and of liberty in violation of their federal constitutional rights.

B. **The Prerequisites For Class Certification Under Rule 23(a) Are Satisfied.**

Rule 23 petitioners seeking to represent a class must first establish that the proposed class meets the following four requirements of Rule 23(a):

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   common questions of law or fact exist among the class-members;

(3)   the claims of the class representative are typical of the claims of the class; and

(4)   the class representative will fairly and adequately represent the interests of the class.

These four prerequisites to a class action are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 828 n.6 (1999) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

   1. *The Numerosity Requirement Is Met.*

Rule 23(a) requires that members of a class be sufficiently numerous that joinder of all members of the class is impracticable. *Amchem*, 521 U.S. at 613. In establishing this element, the representative need not show that the number of class members is so large that it would be impossible to join all of them; "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). There is no fixed number of class members that either necessitates or precludes the certification of a class. *General Tel. Co. of the Northwest v. EEOC*, 446 U.S. 318, 330 (1980). "[A]s a 'rough rule of thumb,' approximately forty members is sufficient to satisfy the numerosity requirement." *Oregon Laborers-Emp'rs Health & Welfare Tr. Fund v. Philip Morris*, 188 F.R.D. 365, 372 (D. Or. 1998) (citations omitted).

In this case, the class includes all indigent persons who are now or will be facing criminal charges in Washington County, Oregon, who are in custody without an appointed attorney. Based on records at the time of this filing, the number of potential class members is at least 288 persons, including 56 individuals facing criminal proceedings in Washington County jail without an attorney and 232 individuals in Washington County who are not in jail but have restraints placed on their liberty that constitute custody and are also without an attorney. *See Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973) (state restrictions from release on recognizance pending execution

of sentence constitute custody under the federal habeas corpus statute); *Jones v. Cunningham*, 371 U.S. 236, 236 (1963) (same for state parole conditions). If litigated separately, the demands on the system to process individual motions and petitions would not only be extraordinarily inefficient, the results would be unfair because defendants who were unable to pursue litigation would be denied the remedy obtained by others.

In analyzing this element, courts are to consider not just the mere number of potential petitioners, but also such factors as "degree of sophistication, and class members' reluctance to sue individually" in determining the impracticability of joinder. *Philip Morris,* 188 F.R.D. at 372-73 (citing *Jordan v. Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810 (1982)). The Supreme Court has noted the lack of sophistication and other impediments to indigent criminal defendants' individual advocacy that militate in favor of class treatment. *See Halbert v. Michigan*, 545 U.S. 605, 607 (2005) ("Persons in Halbert's situation, many of whom have little education, learning disabilities, and mental impairments, are particularly handicapped as self- representatives."). Here, the numerosity requirement is met by the raw number of indigent defendants affected, the efficiency and fairness of litigating common legal issues, and the need to protect defendants whose circumstances make individual advocacy difficult and unlikely.

2. *The Questions Of Law Presented Are Common To The Class.*

The Ninth Circuit has repeatedly stated that the "commonality" requirement of Rule 23(a)(2) is "construed permissively." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998)), *abrogated on other*

*grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022).[1] It is satisfied by the existence of "shared legal issues" with divergent facts, or a "common core of salient facts," with "disparate legal remedies." *Rodriguez,* 591 F.3d at 1122 (quoting *Hanlon,* 150 F.3d at 1019). The commonality requirement is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated. *Jordan*, 669 F.2d at 1320. As the Ninth Circuit explained, commonality does not require that class members are identically situated. *Rodriguez*, 591 F.3d at 1122 ("It is not necessary that '[a]ll questions of fact and law . . . be common to satisfy the rule.'" (quoting *Hanlon*, 150 F.3d at 1019)).

In *Rodriguez*, the putative class consisted of all immigration detainees held for more than six months without a bond hearing. *Id*. at 1111. The Ninth Circuit rejected the government's argument that the various factual differences, such as variations in the detention authority and release status, defeated commonality. *Id.* Rule 23(a) does not require that petitioners show that all class members have identical factual and legal claims. *See In re First All. Mortg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006) ("When the modern class action rule was adopted, it was made clear that 'common' did not require complete congruence."); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (differences among class members regarding merits of individual cases were "simply insufficient to defeat the propriety of class certification"); *Celano v. Marriott Int'l*, 242 F.R.D. 544, 551 (N.D. Cal. 2007); *see also Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (the need for subsequent individual proceedings "does not supply a basis for concluding that [the named plaintiff] has not met the commonality requirement"); *Doe v. Los Angeles Unified Sch.*

---

[1] Although the substantive immigration law has shifted, the class certification aspect of *Rodriguez* remains good law. *See Rodriguez Diaz*, 53 F.4th at 1199 (noting subsequent developments in immigration law).

Page 6 – MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL CLASS
      CERTIFICATION

*Dist.*, 48 F. Supp. 2d 1233, 1241 (C.D. Cal. 1999) ("[C]ommonality exists if plaintiffs share a common harm or violation of their rights, even if individualized facts supporting the alleged harm or violation diverge."). The existence of one or more common facts or legal claims, as is present here, is sufficient. *See Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 589 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022).

Additionally, where, as here, "the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected." *Philip Morris,* 188 F.R.D. at 373 (citing Newberg & A. Conte, *Newberg on Class Actions* § 3.10, at 51 (3d ed. 1992)). Stated another way, commonality is satisfied where the actions complained of are the product of centralized decision-making. *Staton v. Boeing Co.*, 327 F.3d 938, 956 (9th Cir. 2003); *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members."), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005). In *Sacora v. Thomas*, Judge Marsh found that commonality was satisfied when federal inmates had shared legal questions concerning the legality of the BOP's prerelease policies and practices implementing the Second Chance Act. No. CV 08-578-MA, 2009 WL 4639635, at *10 (D. Or. Dec. 3, 2009). Although Judge Marsh found the BOP's regulation violated the Administrative Procedure Act, the Ninth Circuit affirmed his denial of relief based on informal rules in *Sacora v. Thomas*, 628 F.3d 1059, 1078 (9th Cir. 2010). However, both in the district court and on appeal, the common issues of law were deemed appropriate for class litigation.

Similarly, in this case, each class member raises the same fundamental question of law: whether holding indigent defendants in custody without counsel based on pending criminal charges violates their federal constitutional rights under the Sixth and Eighth Amendments and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Each class member is deprived of their right to counsel and their liberty while they languish in custody, either in jail or on restrictive conditions in the community. The deprivation is based on the state's failure to provide court-appointed counsel to indigent criminal defendants that applies to all class members, not on individual characteristics. The commonality requirement is satisfied.

> 3. *The Claims Of The Representative Petitioners Are Typical Of The Claims Of The Class.*

Although commonality and typicality tend to merge, the purpose of the typicality requirement is to ensure that the claims or defenses of the representative petitioners are typical of the claims or defenses of the class. *Staton*, 327 F.3d at 957 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982)); *Philip Morris*, 188 F.R.D. at 373. Typicality, like commonality, is "'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class member; they need not be substantially identical.'" *Rodriguez*, 591 F.3d at 1124 (quoting *Hanlon*, 150 F.3d at 1020).

In *Rodriguez*, although the petitioners and putative class were at different points in the removal process, and hence did not raise identical claims, the typicality requirement was satisfied because they were "alleged victims of the same" governmental practice. *Id.* A representative is typical of the class where there is a nexus between the petitioner's injury and the injuries suffered by the class members. *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). "[A] nexus will be found where the named plaintiffs' claims stem from the same event, practice or course of conduct that forms the basis of the class claims and is based on the same legal or

Page 8 – MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL CLASS
 CERTIFICATION

remedial theory." *Bower v. Bunker Hill*, 114 F.R.D. 587, 594 (E.D. Wash. 1986) (internal citations omitted). The typicality requirement is satisfied where the respondent's unlawful conduct was directed at or affected the class as a whole. *Rodriguez*, 591 F.3d at 1124. Significantly, even the representative's release while putative class members remain in custody does not defeat typicality. *Id.* at 1124. Consequently, it is the nature of the claim or defense of the class representative, and not the facts related to the individual class member, that provides the necessary nexus. *Philip Morris,* 188 F.R.D. at 374.

Here, the petitioners' and the class members' claims arise from the same government conduct, namely the state's failure to provide court-appointed counsel to indigent defendants in custody. The petitioners and the class members share similar injuries because they are all deprived of their right to counsel and their liberty. Although individual facts may bear on whether Washington County chooses to keep a defendant in jail or on restrictive conditions in the community, the predicate question is whether holding indigent defendants in custody without counsel based on pending criminal charges violates their federal constitutional rights under the Sixth and Eighth Amendments and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, which is typical of all class members. *See LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class."). The class representatives present claims typical of the class.

    4. *The Representatives and Class Counsel Will Fairly And Adequately Advocate The Interests Of The Class.*

"Whether the class representatives satisfy the adequacy requirement depends on 'the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.'" *Rodriguez,*

591 F.3d at 1125 (quoting *Walters*, 145 F.3d at 1046). Rule 23(a)(4) requires that the class representatives must "fairly and adequately protect the interests of the class." *Amchem,* 521 U.S. at 613. To satisfy the requirement of adequate representation, (1) the proposed class representative must not have conflicts of interest with the proposed class, and (2) class counsel must be qualified and competent. *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238-39 (9th Cir. 1998); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

In this case, the representative petitioners will fairly and adequately advocate the interests of the class. They have signed declarations indicating that the duties of a class representative have been explained to them and that, if appointed, they will stay informed about the case, stay in contact with class counsel, and put the interests of the class first. *See* Exhibits A-C, Declarations of Alex Santiago Sarat Xotoy, Richard Owens, Jr., and Leon Michael Polaski. Undersigned counsel is well qualified to represent the interests of the class. *See Sacora,* 2009 WL 4639635, at *11 ("Given [the Oregon Federal Public Defender's] experience in handling the issues presented by the previous and pending habeas corpus petitions, there is no doubt that counsel will vigorously prosecute this action on behalf of the class as required under Rule 23(a)(4)."). The Oregon Federal Public Defender has a long history of representing large groups of petitioners in § 2241 litigations and has extensive experience litigating to enforce indigent criminal defendants' rights generally. *See* Exhibit D, Declaration of Stephen R. Sady. Further, the firm of Sugerman Dahab appear on behalf of the petitioners on a pro bono basis and are experts in class action litigation. *See* Exhibit E, Declaration of Nadia H. Dahab. All representatives and counsel share the interest of the class in ensuring that defendants are released and ultimately receive court-appointed counsel. Because the resolution of the case depends on purely legal issues, there is no prohibitive conflict between the representative petitioners and class members.

### C. A Class Action Is Maintainable Under Each Of The Requirements Of Rule 23(b)(2).

In addition to satisfying the prerequisites of Rule 23(a), the petitioners meet the requirements of Rule 23(b)(2) because the state's actions affect the class as a whole, thereby making injunctive and declaratory relief appropriate. For a class to be certified under Rule 23(b)(2), there must be a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting to the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) is satisfied if class members complain of a pattern or practice that is generally applicable to the class as a whole. *See Walters*, 145 F.3d at 1047. Although the petitioners maintain that this action can meet the standards of Rule 23(b)(1) and (3), "questions of manageability and judicial economy are irrelevant to 23(b)(2) class actions." *Rodriguez*, 591 F.3d at 1126 (quoting *Forbush*, 994 F.2d at 1105); *see Elliott v. Weinberger*, 564 F.2d 1219, 1229 (9th Cir.1977) ("By its terms, Rule 23 makes manageability an issue important only in determining the propriety of certifying an action as a (b)(3), not a (b)(2), class action."), *aff'd in pertinent part*, *rev'd in part sub nom. Califano v. Yamasaki*, 442 U.S. 682 (1979).

In *Rodriguez*, the Court rejected the government's argument that Rule 23(b)(2) was not satisfied because some class members may not ultimately be entitled to relief. 591 F.3d at 1126. The Court reasoned that "[t]he rule does not require us to examine the viability or bases of class members' claims for injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125. "'[I]t is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125 (quoting *Walters*, 145 F.3d at 1047; then citing *Alliance to End Repression v. Rochford*, 565 F.2d 975, 979 (7th Cir.

Page 11 – MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL CLASS
      CERTIFICATION

1977)). Injunctive relief is appropriate under Rule 23(b)(2) where the government agency engages in a pattern or practice of conduct adverse to the class. *LaDuke*, 762 F.2d at 1330. Even though some members of the putative class may have suffered different injuries from the challenged practice, such variables do not prevent the class from meeting the requirements of Rule 23(b)(2). *Rodriguez*, 591 F.3d at 1124; *Walters*, 145 F.3d at 1047.

Here, the requirements of Rule 23(b)(2) are easily satisfied. The petitioners allege that all class members have been or will be subject to custody by the Washington County Sheriff pending criminal proceedings for which they have not been appointed an attorney. The class members seek the same relief, a grant of the writ of habeas corpus, release from custody, and a declaratory judgment that their constitutional rights have been violated. Rule 23(b)(2) requires no more. *Rodriguez*, 591 F.3d at 1125 (requirements of Rule 23(b)(2) met although various statutes will govern class members' hearing, because "all class members seek the exact same relief as a matter of statutory or, in the alternative, constitutional right." (citing *Walters*, 145 F.3d at 1047)); *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (certifying under Rule 23(b)(2) class of children seeking declaratory and injunctive relief from systemic failures in child welfare system despite differing harms experienced by class members).

### D.  Mootness and Ripeness Are Not Bars To Litigation As A Class Action.

Mootness, much less the potential for mootness, is not a basis to deny class certification. *Rodriguez*, 591 F.3d at 1117-118; *Gorbach v. Reno*, 219 F.3d 1087, 1092 n.24 (9th Cir. 2000) (en banc) ("a class action does not become moot merely because it has become moot as to a named plaintiff.") (citing *Sosna v. Iowa*, 419 U.S. 393, 402 (1975)). An action brought on behalf of a class does not become moot upon expiration of a named plaintiff's substantive claim because the proposed representative of the class retains a "personal stake" in obtaining class certification

sufficient to assure that Article III values are not undermined. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 388 (1980). Moreover, in a case like this, the "inherently transitory" exception to the mootness doctrine applies to allow the Court to reach the merits even if the named petitioners have received "some relief" before class certification. *See Doe v. Trump*, 335 F.R.D. 416, 429 (D. Or. 2020) (citing *Nielson v. Preap*, 139 S. Ct. 954 (2019)).

In addition, the "capable of repetition, yet evading review" exception allows a named plaintiff to litigate the class certification issue despite loss of his personal stake in the outcome of the litigation. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *Geraghty*, 445 U.S. at 398; *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 752-757 (1976). Because the litigant faces some likelihood of becoming involved in the same controversy in the future, vigorous advocacy may continue on these grounds. *Geraghty*, 445 U.S. at 398.

For example, in *Gerstein v. Pugh*, the Supreme Court "assumed that the named plaintiffs were no longer in custody awaiting trial at the time the trial court certified a class of pretrial detainees. There was no indication that the particular named plaintiffs might again be subject to pretrial detention." *Geraghty*, 445 U.S. at 399 (interpreting *Gerstein*). Nevertheless, the Court held that the case was not moot, because:

> The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case.

*Gerstein*, 420 U.S. at 110-11 n.11. Likewise, in *Sosna v. Iowa,* the Supreme Court held that even if a named plaintiff's action becomes moot, mootness does not occur so long as the controversy

remains alive for the class of persons that the plaintiff has been certified to represent. 419 U.S. at 393.

Similarly, the petitioners and their representatives have a continuing interest in protecting all class members regardless of events in individual cases. And the ripeness doctrine is not a bar to class certification. All the class members' claims are ripe, either because they would be released from jail or their current restrictive conditions in the community would be lifted. Furthermore, all class members have immediate interests in their release from custody and a declaratory judgment that their constitutional rights have been violated.

**Conclusion**

This action should proceed as a class action because the requirements of Rule 23 have been met. In the absence of certification, the class members would be required to initiate individual suits raising identical claims. The injunctive and declaratory relief requested affects all class members. Proceeding as a class would provide for fair and efficient consideration of the class members' claims. For the foregoing reasons, the petitioners respectfully request that the Court:

1. Order the clerk's office serve to the instant motion on the respondent, along with the habeas petition and the motion for order to show cause (ECF 1, 4);

2. Enter an order provisionally certifying the proposed class;

3. Appoint Alex Sarat Xotoy, Richard Owens, Jr., and Leon Michael Polaski as Rule 23 class representatives, and;

4. Appoint undersigned counsel as class counsel.

Respectfully submitted this August 2, 2023.

/s/ *Fidel Cassino-DuCloux*
Fidel Cassino-DuCloux
Fidel_Cassino-DuCloux@fd.org
/s/ *Stephen R. Sady*
Stephen R. Sady
Steve_Sady@fd.org
/s/ *Julie Vandiver*
Julie Vandiver
Julie_Vandiver@fd.org
/s/ *Jessica Snyder*
Jessica Snyder
Jessica_Synder@fd.org
/s/ *Robert Hamilton*
Robert Hamilton
Robert_Hamilton@fd.org
/s/ *Peyton E. Lee*
Peyton E. Lee
Peyton_Lee@fd.org
/s/ *Megha Desai*
Megha Desai
Megha_Desai@fd.org
/s/ *Michael Benson*
Michael Benson
Michael_Benson@fd.org

/s/ *David Sugerman*
David Sugerman
David@sugermandahab.com
/s/ *Nadia Dahab*
Nadia Dahab
nadia@sugermandahab.com

*Attorneys for Petitioners*

Page 15 – MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL CLASS CERTIFICATION