**Fidel Cassino-DuCloux**
   Federal Public Defender
**Stephen R. Sady**
   Chief Deputy Federal Public Defender
**Julie Vandiver, Jessica Snyder,**
**Robert Hamilton, Michael Benson,**
**Peyton E. Lee, and Megha Desai**
   Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel:   (503) 326-2123
Fax:   (503) 326-5524
**David F. Sugerman**, OSB 862984
**Nadia H. Dahab**, OSB 125630
Sugerman Dahab
707 SW Washington St., Ste. 600
Portland, OR 97205
Tel:   (503) 228-6474
Fax:   (503) 228-2556
**Attorneys for Petitioners**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WALTER BETSCHART, JOSHUA SHANE BARTLETT, CALEB AIONA, TYRIK DAWKINS, JOSHUA JAMES-RICHARDS, TANIELA KINI KIN LATU, RICHARD OWENS, LEON MICHAEL POLASKI, ALEX SARAT XOTOY, AND TIMOTHY WILSON,** on their behalf, and on behalf of all others similarly situated<br><br>                    **Petitioners,**<br><br>v.<br><br>**PATRICK GARRETT, WASHINGTON COUNTY SHERIFF,** in his official capacity, and **WASHINGTON COUNTY CIRCUIT COURT JUDGES,** in their official capacities,<br><br>                    **Respondents.** | Case No. 3:23-cv-01097-CL<br><br>**REPLY TO RESPONDENT SHERIFF PATRICK GARRETT OBJECTION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

Page 1   REPLY TO RESPONDENT SHERIFF PATRICK GARRETT'S OBJECTION TO MOTION FOR
          TEMPORARY RESTRAINING ORDER

**Introduction**

The petitioners will reply to the respondent's objection during the temporary restraining order hearing. This written reply is to provide limited but not exhaustive replies to the respondent's claims. At the outset, the need for declaratory relief is heightened by the respondent's equivocal recognition that, during critical stages of prosecution, the petitioners "may" suffer serious violations of the Sixth Amendment rights. Objection at 2. Contrary to that evaluation, there is no question that the petitioners are now and continuing to suffer violations of the array of federal constitutional rights described in the motion for a temporary restraining order. The respondents also fail to correctly assess the gravity of the systemic problem: the numbers of persons in jail without counsel is a shifting and growing group because new class members are added daily while, after substantial deprivations of federal constitutional rights, others are receiving appointed counsel. And the federal constitutional rights are equally at issue for those whose custody for the purposes of federal habeas corpus includes restrictive conditions in the community.

**Questions From The Court**

In response to the questions from the court, the respondent admits that the constitutional violations are falling disproportionally on people of color: over half of the persons in custody at the time of the respondent's demographic assessment were Black, Hispanic, Asian, or Pacific Islander. Furthermore, the person at the arraignment is designated as "advisory council," not a person appointed to represent the individual. The respondent admits to irreparable harm in the form of defense counsel being needed to assist in the pre-trial release program and that hearings for conditional release are delayed and "very difficult when they are in custody without a lawyer." Objection at 5-6.

Further, no discovery is provided "unless they waive council and proceed pro se." Objection at 6. But no "waiver" of counsel is possible when counsel is unavailable. In *Martinez v. Court of Appeal*, the Supreme Court stated that, after *Gideon*, self-representation "is no longer compelled by the necessity of choosing self-representation over incompetent or nonexistent representation." 528 U.S. 152-158 (2000). For every reference by the respondents to "waiver," the supposed self-representation is "compelled" and fails the requirement in *Faretta v. California* that "the accused must 'knowingly and intelligently' forgo those relinquished benefits." 422 U.S. 806 (1975); *accord Hendricks v. Zenon*, 993 F.2d 664 (9th Cir. 1993). The admission that prosecutors are "explaining the terms of an offer" to unrepresented criminal defendants again is demonstrating irreparable harm from the constitutional violations. Objection at 7.

In response to question 10, where the Court asks about priority in terms or representation, the respondent claims that only the court or the defense organizations can respond. Not so. The real issues on prioritizing are at the front end of prosecutions: where more are brought than the system can afford to handle, prioritization can make counsel available by which cases should be prosecuted; which cases should be settled quickly; and which cases should be dismissed without prejudice. The presiding judges order does not resolve the class issues, but certainly provides suggestions for assuring that the demand does not exceed supply.

**Certification Of The Provisional Class**

The respondent claims that the number of individuals does not warrant class certification. On the contrary, the numerosity requirement is easily established based on the number at the time of filing and the evanescent nature of the class: new members are added every day, others receive counsel and would not benefit from the temporary restraining order while benefiting from declaratory relief. The respondent's differentiation between jail and restrictive conditions in the

Page 3   REPLY TO RESPONDENT SHERIFF PATRICK GARRETT'S OBJECTION TO MOTION FOR
         TEMPORARY RESTRAINING ORDER

community depends on its false division of "custody" and "out of custody." In fact, all are in custody under 28 U.S.C. § 2241 because their liberty is being curtailed.

**The Standards For A Temporary Restraining Order**

Despite the overwhelming evidence of multiple constitutional violations, the respondent relies only on cases under 28 U.S.C § 2254 to claim lack of exhaustion. The requirements of exhaustion for state convictions are inapplicable to claims for pre-trial violations of federal constitutional rights, as set out in the supplemental memorandum of exhaustion. The petitioners have established the three recognized bases for excusing exhaustion, predominantly futility.

The respondent's claim that the petitioners will not suffer irreparable harm, makes no sense: the respondent's claim that appointment of counsel will avoid irreparable harm when that condition is exactly what will avoid release of the class members without conditions. Further, the decrease in class members from the time of filing still leaves a huge number of individuals with their rights being daily violated. The irreparable harm to each individual who remains in custody without counsel is not mitigated by counsel being provided to others.

In the balance of equities, the class members are currently suffering violations of their constitutional rights that trump administrative arguments regarding adjudication of criminal cases. The respondent has the authority to release without conditions class members whose violations are not timely remedied. The public safety issues are the responsibility of the charging authorities, but the criminal justice system cannot subsidize the lack of funds by violating poor people's rights.

The issuance of the temporary restraining order is in the public interest because, as this Court has held *Innovation Law Lab v. Nielsen*, it is always in the public interest to prevent the violation of a party's constitutional rights. 310 F. Supp. 3d 1150 (D. Or. 2018).

For the foregoing reasons and those previously briefed, with the additional presentation at the temporary restraining order hearing, the Court should grant the motion.

Respectfully submitted this August 15, 2023.

| | |
|---|---|
| /s/ *Fidel Cassino-DuCloux*<br>Fidel Cassino-DuCloux<br>Fidel_Cassino-DuCloux@fd.org | /s/ *David Sugerman*<br>David Sugerman<br>David@sugermandahab.com |
| /s/ *Stephen R. Sady*<br>Stephen R. Sady<br>Steve_Sady@fd.org | /s/ *Nadia Dahab*<br>Nadia Dahab<br>nadia@sugermandahab.com |
| /s/ *Julie Vandiver*<br>Julie Vandiver<br>Julie_Vandiver@fd.org | |
| /s/ *Jessica Snyder*<br>Jessica Snyder<br>Jessica_Synder@fd.org | |
| /s/ *Robert Hamilton*<br>Robert Hamilton<br>Robert_Hamilton@fd.org | |
| /s/ *Peyton E. Lee*<br>Peyton E. Lee<br>Peyton_Lee@fd.org | |
| /s/ *Megha Desai*<br>Megha Desai<br>Megha_Desai@fd.org | |
| /s/ *Michael Benson*<br>Michael Benson<br>Michael_Benson@fd.org | |

*Attorneys for Petitioners*