ELLEN F. ROSENBLUM
Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email: James.Aaron@doj.state.or.us

Attorneys for Respondents Washington County Circuit Court Judges and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WALTER BETSCHART, ET AL., | Case No. 3:23-cv-01097-CL |
| Petitioners, | STATE RESPONDENTS' MOTION FOR RECONSIDERATION |
| v. | |
| SHERIFF PATRICK GARRETT, ET AL., | |
| Respondents. | |

# TABLE OF CONTENTS

MOTION.................................................................................................................... 1

LEGAL MEMORANDUM ......................................................................................... 1

I.     Introduction................................................................................................. 1

II.    Factual Background .................................................................................... 2

III.   Argument .................................................................................................... 3

        A.    Because the state respondents did not have an earlier opportunity to present the arguments in this motion, this Court should reconsider its order.................................................................... 4

        B.    Because they seek a mandatory injunction, petitioners must show that the law and facts clearly favor their position. ...................................... 5

        C.    The kind of ongoing, continuous monitoring of state criminal proceedings sought by petitioners and contemplated by this Court's order is prohibited by the *Younger* doctrine ................................ 6

        D.    Petitioners have not clearly established that the provisional class has suffered a constitutional violation ....................................... 8

               1.    The Sixth Amendment requires appointment of counsel within a reasonable time after first appearance to allow adequate representation at critical stages...................................... 9

               2.    Petitioners have not shown that the provisional class has appeared at a critical stage without counsel or that the delays in appointing counsel are necessarily unreasonable ......... 12

               3.    Petitioners likewise have not shown that the class members' constitutional rights have been violated in any other respects ...................................................................... 13

        E.    Because there is no nexus between their custody and the alleged constitutional violations, petitioners have not shown that all class members' claims fall within this Court's habeas jurisdiction.................. 15

        F.    Petitioners have not shown that any identifiable class satisfies the requirements of Rule 23......................................................... 16

               1.    Petitioners cannot meet the numerosity because of the low number of current class members and factors related to the feasibility of joinder of individual claims weigh against certification ................................................................. 17

               2.    The numerous factual and legal differences between the class members demonstrate that class members do not share common claims sufficient to obtain class certification................. 18

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

3.      Petitioners fail to satisfy the criteria of Rule 23(b)(2). ................ 19

IV.    Conclusion ........................................................................................................ 21

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## TABLE OF AUTHORITIES

**Cases**

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) ..................................... 5

*American Express Co. v. Italian Colors Rest.,* 570 U.S. 228 (2013)............................................ 16

*Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018).................................................................... 6, 7

*Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010) ................................................................................. 15

*Bearden v. Georgia*, 461 U.S. 660 (1983) ..................................................................................... 14

*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005) ................................................................. 6

*Castillo v. Bank of Am., NA*, 980 F.3d 723 (9th Cir. 2020) .......................................................... 17

*Chastain v. Cam*, No. 3:13-cv-01802-SI, 2016 WL 1572542 (D. Or. Apr. 19, 2016) ................ 17

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ........................................................................... 16

*Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119 (9th Cir. 2005) ............................ 4

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) ................................................... 17

*Farrow v. Contra Costa Cnty.* (*Farrow III*), 2019 WL 78839 (N.D. Cal. Jan. 2, 2019)............. 11

*Farrow v. Contra Costa Cnty.* (*Farrow IV*), 799 F. App'x 520 (2020), *cert. denied*, 141
      S. Ct. 1372 (2021)............................................................................................................. 12

*Farrow v. Lipetzky* (*Farrow I*), 637 F. App'x 986 (9th Cir. 2016)........................................ 10, 12

*Farrow v. Lipetzky* (*Farrow II*), 2017 WL 1540637 (N.D. Cal. April 28, 2017) ........................ 11

*Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015) ............................................................... 5, 6

*Gardner v. Florida,* 430 U.S. 349 (1977) ..................................................................................... 10

*General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ............................................................. 17

*Gilbert v. California*, 388 U.S. 263 (1967).................................................................................... 10

*Hamilton v. Alabama,* 368 U.S. 52 (1961) .................................................................................... 10

*Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th Cir. 2012) ........................................................... 3

*Hovey v. Ayers*, 458 F.3d 892 (9th Cir. 2006) ....................................................................... 10, 20

*In re Arizona Theranos Inc. Litig.*, No. 2:16-CV-2138-HRH, 2020 WL 5435299 (D.
      Ariz. Mar. 6, 2020), *aff'd in part, rev'd in part and remanded sub nom.*, *B.P. v.
      Balwani*, No. 20-15974, 2021 WL 4077008 (9th Cir. Sept. 8, 2021)................................ 17

*J.N. v. Oregon Dep't of Educ.*, 338 F.R.D. 256 (D. Or. 2021) ................................................... 17

Page iii

*Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ............................................................ 20

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ........................... 4

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) ........................... 16

*Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003)........................................................ 4

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ....................... 6

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ...................................................................... 7

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ........................................................... 16

*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754 (9th Cir. 2014) ........................................................................................................................ 6

*Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191 (2008)............................................. 9, 10

*SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061 (9th Cir. 2010) .................. 4

*Shanks v. Jarrow Formulas*, No. CV 18-09437 PA (AFMx), 2019 WL 4398506 (C.D. Cal. Aug. 27, 2019), *appeal dismissed*, No. 20-55078, 2020 WL 1951576 (9th Cir. Feb. 4, 2020) ................................................................................................................ 16

*United States v. Ash*, 413 U.S. 300 (1973)................................................................... 10

*United States v. Benford*, 574 F.3d 1228 (9th Cir. 2009) ...................................... 10, 13

*United States v. Salerno*, 481 U.S. 739 (1987) ............................................................ 14

*United States v. Wade,* 388 U.S. 218 (1967) ............................................................... 10

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................... 16, 18, 19, 20

*Wang v. Chinese Daily News, Inc.*, 737 F.3d 538 (9th Cir. 2013)............................... 16

*White v. Maryland*, 373 U.S. 59 (1963) (*per curiam*).................................................. 10

*Winter v. NRDC*, 555 U.S. 7 (2008) .............................................................................. 5

*Younger v. Harris*, 401 U.S. 37 (1971)............................................................... 4, 6, 7, 8

**Oregon Statutes**

2023 Or. Laws ch. 281 ..................................................................................................... 2

ORS 135.020................................................................................................................... 12

**United States Code**

28 U.S.C. § 2241 .............................................................................................................. 1

28 U.S.C. § 2241(c)(3).............................................................................................. 8, 15

Page iv

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

28 U.S.C. § 2254(a) ............................................................................................ 15

42 U.S.C. § 1983 ................................................................................................ 10

**Rules and Regulations**

Fed. R. Civ. P. 23 ............................................................................................... 16

Fed. R. Civ. P. 23(a) ..................................................................................... 16, 17

Fed. R. Civ. P. 23(a)–(b) .................................................................................. 2, 4

Fed. R. Civ. P. 23(b) ..................................................................................... 16, 17

Fed. R. Civ. P. 23(b)(2) ................................................................................. 20, 21

Fed. R. Civ. P. 54(a) ............................................................................................ 4

Fed. R. Civ. P. 59(e) ......................................................................................... 1, 4

Fed. R. Civ. P. 65 ................................................................................................. 4

Habeas Rule 4 ...................................................................................................... 5

LR 7-1(a)(1) ......................................................................................................... 1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

**MOTION**

Pursuant to Federal Rule of Civil Procedure 59(e), respondents Washington County
Circuit Court Judges and State of Oregon ("state respondents") respectfully move this Court to
reconsider and vacate its opinion and order dated August 17, 2023 (ECF No. 25). The state
respondents were not parties to this proceeding when the Court held oral argument on
petitioners' Motion for Provisional Class Certification (ECF No. 6) and Motion for Temporary
Restraining Order (ECF No. 7) and were therefore unable to present arguments against those
motions in writing or orally. Undersigned counsel certifies pursuant to LR 7-1(a)(1) that the
parties made a good faith effort to resolve the dispute and have been unable to do so.

**LEGAL MEMORANDUM**

## I.    Introduction

Petitioners bring this proposed class action habeas corpus proceeding under 28 U.S.C.
§ 2241 on behalf of indigent defendants who have been charged with crimes in Washington
County, Oregon but have not had an attorney appointed. They moved to provisionally certify a
class and for a temporary restraining order requiring Sheriff Garrett to unconditionally release all
class members from custody if they are not appointed counsel within 7 days. (ECF Nos. 6, 7.)
This Court granted those motions in part and denied them in part.

First, the Court provisionally certified a class consisting of all indigent defendants who
are facing criminal charges in Washington County, are physically detained in a Washington
County facility, and have not had an attorney appointed within 10 days of their initial appearance
or within 10 days of a previous attorney's withdrawal. Second, the Court directed the Sheriff to
release any existing class members from physical custody if they are not appointed an attorney
within 10 days of the order and to release any future class members under reasonable conditions
for their release. (ECF No. 25.)

State respondents ask this Court to reconsider those decisions and to vacate that order
because, as explained more fully below, petitioners have not sufficiently shown that they are

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

likely to succeed on the merits or that the class identified by the Court satisfies the requirements of Fed. R. Civ. P. 23(a)–(b).

## II.    Factual Background

The claims in this case arise from what all parties agree is a crisis in Oregon's public defense system. The causes are multifaceted and systemic, and therefore no panacea is available to immediately resolve the issues. Nevertheless, the State is and has been taking steps to reshape public defense to ensure that every defendant receives adequate and effective assistance of counsel, regardless of their ability to pay. Most recently, the legislature enacted a bill that significantly reforms the structure of the commission responsible for providing public defense services throughout the state, begins the process of creating a trial-level division within the commission to employ trial attorneys directly, and requires each judicial district to develop and implement a crisis plan no later than September 1, 2023. 2023 Or. Laws ch. 281.

Each of the named petitioners in the First Amended Petition has spent varying amounts of time without an attorney appointed, some while in physical custody in a Washington County detention facility and others while on conditional release. As the Court notes, petitioners have made a variety of court appearances while waiting for counsel to be appointed. But state respondents offer the following clarifications and corrections regarding the proceedings.

Petitioners allege that they have appeared at arraignments without counsel or with "standby counsel." (*See, e.g.*, ECF No. 18 at 7.) The record shows, however, that Metropolitan Public Defender arranges for a staff attorney to appear at every arraignment in Washington County to represent each defendant for that purpose. (Pet's Ex. C at 2–3.) Those attorneys' representation is limited in scope, but each defendant is represented at arraignment.

By stating the number of appearances each petitioner has made, without qualification, this Court's order elides the significant differences between each kind of appearance. Aside from arraignment, the most common appearance is what petitioners refer to as a "status conference," or is usually denominated on the courts' dockets and orders as a "case management

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

conference" or CMC. Those conferences are non-substantive hearings used to check in with defendants about the availability of counsel. If counsel is still unavailable, the only action the court takes at such an appearance is to set another conference date.

Aside from those general clarifications, there are significant inaccuracies in petitioners' or the Court's descriptions of the procedural histories of two individually named petitioners. First, petitioners allege that Caleb Aiona was released with "restrictive conditions" including house arrest and that, when the court set those conditions, "Mr. Aiona did not have counsel to oppose them." (ECF No. 18 at 6.) On the contrary, the release order identifies the defense attorney at that hearing as "Lewis," referring to Kenneth Clayton Lewis of Metropolitan Public Defender. (Att. A at 1.)[1]

Second, the First Amended Petition alleges that Joshua Shane Bartlett remained unrepresented on his charges in criminal and contempt cases on the day the petition was filed— August 10, 2023—and that an attorney had been appointed only for an unrelated extradition case. (ECF No. 18 at 6–7.) This Court's order states that Mr. Bartlett had pleaded guilty on August 13 and assumes that he did so without the advice of counsel. (ECF No. 25 at 3.) On the contrary, the court appointed Metropolitan Public Defender in the criminal case on July 28, and attorney Kiegan Stewart appeared by filing a discovery request three days later. (Att. A at 2–8.) The change of plea and sentencing took place on August 7, with Mr. Stewart representing Mr. Bartlett and signing the plea petition as his attorney. (*Id.* at 9–17.) The contempt case, which was being tracked with the criminal case, was dismissed under the plea agreement. (*Id.* at 18.)

## III.   Argument

This Court should reconsider its order on petitioners' motions for provisional certification and for a temporary restraining order in light of the arguments below, which state respondents

---

[1] State respondents ask the Court to take judicial notice of the state court records provided in Attachment A to this motion. *See* Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (Citation omitted).).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

have not previously been able to present. In sum, petitioners are not entitled to the preliminary

relief the Court has provided, because: (1) the relief violates the principles of comity and

federalism that underlie the *Younger* abstention doctrine; (2) petitioners have not shown that the

members of the provisional class have suffered a constitutional violation; (3) the violations

petitioners assert cannot be remedied in habeas corpus; and (4) the provisional class does not

satisfy the requirements of Rule 23 for class certification. This Court should therefore vacate its

order and allow this proceeding to continue in the ordinary course.

> **A.  Because the state respondents did not have an earlier opportunity to present the arguments in this motion, this Court should reconsider its order.**

Although petitioners' motion was phrased as a motion for "temporary restraining order,"

this Court's order was not issued *ex parte* and does not terminate within 14 days or less. The

order is therefore effectively a preliminary injunction. *See* Fed. R. Civ. P. 65; *SEIU v. Nat'l*

*Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010) (holding for purposes of

appellate jurisdiction that an order is considered to be a preliminary injunction, regardless of how

it is denominated, if it "possesses the qualities of a preliminary injunction"). Because a

preliminary injunction is appealable, *see, e.g.*, *Meredith v. Oregon*, 321 F.3d 807, 811 (9th Cir.

2003), it is also a "judgment" within the meaning of the federal rules. Fed. R. Civ. P. 54(a); *see*

*also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123 n.6 (9th Cir. 2005). A

motion for reconsideration of a preliminary injunction that seeks to relitigate the issues

underlying the original order is properly considered a motion under Rule 59(e). *Credit Suisse*

*First Boston Corp.*, 400 F.3d at 1124.

Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion under that rule "should

not be granted, absent highly unusual circumstances, unless the district court is presented with

newly discovered evidence, committed clear error, or if there is an intervening change in the

controlling law." *Id.* (internal quotation marks omitted). And a Rule 59(e) motion "may *not be*

used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Here, the state respondents could not reasonably have raised the arguments presented in this motion earlier, because they were not parties to this proceeding when petitioners filed their motions, when the Court held oral argument on them, or when the Court issued its order.[2] Those highly unusual circumstances warrant this Court considering the issues anew in light of the arguments the state respondents raise here at their first opportunity.

> **B.    Because they seek a mandatory injunction, petitioners must show that the law and facts clearly favor their position.**

The Supreme Court has emphasized that preliminary injunctions are an "extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). Petitioners must satisfy *Winter*'s four-factor test, showing that they are "likely to succeed on the merits," that they are "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. The first factor—likelihood of success on the merits—is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit employs a "sliding scale" test, however, which allows a preliminary injunction when a movant shows "that serious questions going to the merits were raised and the balance of hardships tips sharply" in the movant's favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

An injunction that "goes well beyond simply maintaining the status quo *pendente lite*" but instead orders a responsible party to "take action" is considered a mandatory injunction and is "particularly disfavored." *Garcia*, 786 F.3d at 740 (internal quotation marks omitted). Such an injunction should not be granted "unless the facts and law clearly favor the moving party."

---

[2] Between the motions and the hearing, petitioners filed a First Amended Petition naming the Washington County Circuit Court Judges as an additional respondent. (ECF No. 18.) This Court did not issue an order to show cause until after the hearing and order, however, and the judges therefore had not yet been joined as a party. *See* Habeas Rule 4.

Page 5 -    STATE RESPONDENTS' MOTION FOR RECONSIDERATION
JA/mmv/909841560

*Id.* (internal quotation marks omitted).  In short, "mandatory injunctions should not issue in doubtful cases."  *Id.* (internal quotation marks omitted).

Here, petitioners seek an order requiring respondents to take the affirmative action of releasing them and other class members from custody.  They therefore must show that they are clearly entitled to the relief requested.  They have not done so.

### C.    The kind of ongoing, continuous monitoring of state criminal proceedings sought by petitioners and contemplated by this Court's order is prohibited by the *Younger* doctrine.

Federal courts' authority to intervene in ongoing state-court proceedings, particularly criminal proceedings, is carefully limited.  *See Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention "is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism."  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).  A court must abstain if: (1) the state proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding; and (4) the requested relief would enjoin or have the practical effect of enjoining the ongoing state proceedings.  *ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754, 758 (9th Cir. 2014).  The court need not abstain, however, if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  When the *Younger* factors are satisfied, abstention is mandatory and district courts lack discretion to exercise jurisdiction.  *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005).

Here, it is indisputable that state proceedings are ongoing and that those proceedings implicate important state interests.  Petitioners further do not demonstrate any reason why they would not be able to adequately raise their constitutional challenges in those state proceedings.[3] They may argue that the relief provided by this Court—release—does not have the effect of

---

[3] The fact that they have not obtained the relief they desire by raising their claims in state court does not mean that they do not have an "adequate opportunity" to present those constitutional challenges.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

enjoining the criminal proceedings. *See, e.g.*, *Arevalo*, 882 F.3d at 766 (holding that challenge to bail hearing was separate from state prosecution and would not interfere with those proceedings). But that argument considers the effect of the Court's order far too narrowly.

The decision in *O'Shea v. Littleton*, 414 U.S. 488 (1974), provides a useful comparison. There, the plaintiffs from Alexander County, Illinois, brought a civil rights class action against a county magistrate and judge, alleging that they denied the class members' constitutional rights by setting bond without regard to the individual facts and circumstances, setting higher sentences and imposing harsher conditions for class members than for white persons, and requiring class members charged with violations to pay for a trial by jury if the fine could not be paid. *Id.* at 490–92. They asked the court to enjoin those practices. *Id.* at 492.

The Court held in part that the relief the plaintiffs sought was barred by *Younger*. The plaintiffs sought "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials." *Id.* at 500. Such an order "would contemplate interruption of state proceedings to adjudicate assertions of noncompliance," which the Court considered "nothing less than an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference" that *Younger* and other cases sought to prevent. *Id.*

The Court's concern was not merely with how intrusive the injunction itself would be but explained that a court "should not intervene to establish the basis for *future intervention* that would be so intrusive and unworkable." *Id.* (emphasis added). The objection underlying *Younger* abstention "is to unwarranted anticipatory interference in the state criminal process by means of *continuous or piecemeal interruptions* of the state proceedings by litigation in the federal courts." *Id.* (emphasis added). The injunction sought would result in "continuous supervision by the federal court over the conduct" of the state officers that, even if it did not amount to "constant day-to-day supervision," "would constitute a form of monitoring of the

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

operation of state court functions that is antipathetic to established principles of comity." *Id.* at 501.

Because such an injunction "would necessarily impose continuing obligations of compliance," the Court was also concerned with the question of how the order might be enforced if the class members believed an officer had disobeyed it. *Id.* Presumably, the class members "could allege and have adjudicated a claim that [the officers] were in contempt of the federal court's injunction order," with appellate review to follow. *Id.* at 501–02. The Court noted that "such a major continuing intrusion of the equitable power of the federal courts into the daily conduct of state criminal proceedings is in sharp conflict with the principles of equitable restraint" which the Court had recognized in *Younger* and other cases. *Id.* at 502.

Identically, here, this Court's order contemplates the ongoing, indefinite supervision of the Washington County Circuit Court's criminal proceedings. Indeed, the order purports to require the "Circuit Court"—which was not and is not party to the action—to present a release agreement to each defendant and to impose only those conditions "that are related to assuring the appearance of the class member and the safety of the community" and are "reasonable." (ECF No. 25 at 14.) Beyond the immediate intrusion into the state courts, the ongoing enforcement of the order would require this Court to step in whenever a class member believes that their conditions of release are unreasonable or otherwise not allowed by the order. Such a continuing intrusion into state criminal proceedings is precisely what *Younger* was meant to prevent.

**D.    Petitioners have not clearly established that the provisional class has suffered a constitutional violation.**

The writ of habeas corpus may be granted, as relevant here, only to those who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioners raise four grounds for relief, alleging that the delays in appointing them counsel violate their rights under the Sixth and Eighth Amendments, the Due Process Clause, and the Equal Protection Clause. (First Amended Petition at 14–16.) Petitioners have not clearly

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

established, however, that the provisional class—or any other identifiable class—has suffered a constitutional violation.

### 1.     The Sixth Amendment requires appointment of counsel within a reasonable time after first appearance to allow adequate representation at critical stages.

The Sixth Amendment provides those accused in "all criminal prosecutions" with the right "to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  That right "does not attach until a prosecution is commenced."  *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 198 (2008) (internal quotation marks omitted).  Here, the parties all agree that a prosecution is commenced in Oregon no later than at the defendant's initial appearance on an information or indictment.  But whether the right to counsel has attached—i.e., "whether formal judicial proceedings have begun"—does not answer the "distinct . . . question" of the scope of the right that has attached.  *Id.* at 211–12.  The Court has not defined the precise contours of that right but has offered a lower bound:

> Once attachment occurs, the accused at least[4] is entitled to the presence of appointed counsel during any "critical stage" of the postattachment proceedings; what makes a stage critical is what shows the need for counsel's presence.  Thus, counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself.

*Id.* at 212 & n.15 (footnote omitted).

The Ninth Circuit considers three factors to determine what constitutes a critical stage in this context[5]—"whether: (1) failure to pursue strategies or remedies results in a loss of significant rights, (2) skilled counsel would be useful in helping the accused understand the legal

---

[4] "We do not here purport to set out the scope of an individual's postattachment right to the presence of counsel.  It is enough for present purposes to highlight that the enquiry into that right is a different one from the attachment analysis."

[5] The phrase "critical stage" is also used in the context of determining when prejudice is presumed by the complete or constructive denial of counsel under *United States v. Cronic*, 466 U.S. 648 (1984).  *See, e.g.*, *Bell v. Cone*, 535 U.S. 685, 695–96 (2002).  Although the Ninth Circuit has acknowledged that the two determinations are separate, its case law has "muddled" the two analyses.  *See United States v. Martinez*, 850 F.3d 1097, 1103 n.4 (9th Cir. 2017) (summarizing development of case law and collecting cases).  Because petitioners and proposed class members have not yet been convicted, the *Cronic* critical stage analysis is not relevant.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

confrontation, and (3) the proceeding tests the merits of the accused's case." *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006) (internal quotation marks omitted).  The presence of any of those factors "may be sufficient to render a stage of the proceeding 'critical.'" *Id.*  Proceedings that have been considered critical stages include post-indictment police lineups, *United States v. Wade,* 388 U.S. 218, 227 (1967), arraignments where defenses are waived if not raised, *Hamilton v. Alabama,* 368 U.S. 52, 53 (1961), entering a guilty plea, *White v. Maryland*, 373 U.S. 59 (1963) (*per curiam*), and sentencing, *Gardner v. Florida,* 430 U.S. 349, 358 (1977).  On the other hand, an initial appearance where the court merely informs the defendant of the charges and determines the conditions for pretrial release, *Farrow v. Lipetzky* (*Farrow I*), 637 F. App'x 986, 988 (9th Cir. 2016), a pretrial status conference, *United States v. Benford*, 574 F.3d 1228 (9th Cir. 2009), taking handwriting exemplars from the defendant, *Gilbert v. California*, 388 U.S. 263 (1967), and post-indictment photo lineups, *United States v. Ash*, 413 U.S. 300 (1973), are not critical stages.

Although the critical stage analysis has developed through decades of case law, the same is not true of what it means for counsel to be "appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Rothgery*, 554 U.S. at 212.  The state respondents are aware of only one case in the Ninth Circuit to have confronted that question.

In *Farrow I*, 637 F. App'x 986, the plaintiffs sought to bring a class-action under 42 U.S.C. § 1983 against the county public defender, alleging that the defendant deprived the plaintiffs of counsel for 5–13 days or longer after their initial appearance.  The district court initially dismissed their Sixth Amendment claim because they did not allege that the delay impacted their eventual counsel's representation at subsequent critical stages.  *Id.* at 988.  The Ninth Circuit reversed, holding that the district court's framing improperly required the plaintiffs to allege actual prejudice and directing the court to "consider whether appointing counsel five to

Page 10 -  STATE RESPONDENTS' MOTION FOR RECONSIDERATION
JA/mmv/909841560

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

thirteen days and 'sometimes longer' after the right attaches complies with the 'reasonable time' requirement articulated in *Rothgery*." *Id.* at 988–89.

On remand, the district court noted that it was "not aware of any decision articulating a standard by which to examine whether a delay in appointing counsel is reasonable within the meaning of *Rothgery*" and therefore articulated its own standard. *Farrow v. Lipetzky* (*Farrow II*), 2017 WL 1540637, at *15 (N.D. Cal. April 28, 2017). It then concluded that "the reasonableness of a delay in appointing counsel after attachment depends on the totality of the circumstances, including the time needed to prepare for an upcoming critical stage—but not limited to that factor." *Id.* That "broad standard of reasonableness" could not be resolved based on the pleadings, and so the court declined to dismiss the claim. *Id.* at *16.

Ultimately, however, the district court granted the county summary judgment. *Farrow v. Contra Costa Cnty.* (*Farrow III*), 2019 WL 78839 (N.D. Cal. Jan. 2, 2019). The court initially rejected the plaintiffs' suggestion of a hard rule that counsel must always be appointed within a fixed amount of time, or even that some fixed period is presumptively reasonable or unreasonable. *Id.* at *27. The record before the court provided "no basis to determine how much time a generic, competent public defender's office (or other system for appointing counsel) would need to provide a defendant with an attorney—or in other words *how much delay is reasonable*, and thus tolerable, under the Constitution in a typical case." *Id.* (emphasis in original). In the absence of such evidence, the court could not fashion a universal rule that could apply to all defendants. *Id.*

Turning to the proposed class representatives' individual circumstances, the court found that they had not shown that their delays were unreasonable. The court first considered whether counsel had adequate time to prepare for the next critical stage—the defendants' second appearance—and found that appointment a day or two before that appearance was sufficient. *Id.* at *30–31. Next, the court considered and rejected other factors relevant to each plaintiff. One had a four-day delay caused by conflicts in a case with five co-defendants, which the court found

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

to be reasonable. *Id.* at *31. The other did not receive counsel from the conflicts panel for 12 days, and there was no explanation for that delay. *Id.* at *32. But the public defense office in the meantime sent a paralegal to meet with the plaintiff and, if that paralegal had identified any issue requiring immediate action, the office would have taken steps to address those needs. *Id.* On appeal for a second time, the Ninth Circuit affirmed. *Farrow v. Contra Costa Cnty.* (*Farrow IV*), 799 F. App'x 520 (2020), *cert. denied*, 141 S. Ct. 1372 (2021).

In sum, the Sixth Amendment right to counsel is measured by reference to critical stages of the prosecution, and whether the right has been violated depends on an individualized assessment based on the totality of the circumstances, including but not limited to when the next critical stage will occur.

**2.    Petitioners have not shown that the provisional class has appeared at a critical stage without counsel or that the delays in appointing counsel are necessarily unreasonable.**

The Court's order in this case, by requiring the release from physical custody of any indigent defendants who have not had counsel appointed within 10 days of their initial appearance, effectively adopts a per se rule that a 10-day delay in appointing counsel violates the defendants' Sixth Amendment rights. Under the rubric described above, that can be the case only if either those defendants are appearing unrepresented at a "critical stage" of the criminal proceeding, or if a 10-day delay is necessarily unreasonable regardless of the circumstances. Neither is the case.[6]

To the extent the arraignment procedure in Oregon could constitute a critical stage,[7] an attorney is always present to advise the defendants, even if that attorney will not ultimately represent the defendant at trial. (*See* ECF No. 19 at 5.) If counsel cannot be appointed at that

---

[6] Even assuming that one or more individuals have suffered a constitutional violation, a habeas court may not grant relief to people who have not merely because their circumstances are superficially similar. In other words, to be entitled to the relief requested, petitioners must show that *every class member* is in custody in violation of federal law.

[7] Unlike in *Hamilton*, no defenses are waived if not raised at arraignment in Oregon. *See* ORS 135.020. Oregon's arraignment process is therefore more like the initial appearance in *Farrow I*, which the Ninth Circuit held is not a critical stage. 637 F. App'x at 988.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

time, the next appearance is a status hearing at which either counsel is appointed or a further status hearing is set. Such a hearing does not involve the trial-like confrontation that renders a proceeding a critical stage. *See, e.g.*, *Benford*, 574 F.3d 1228. There is no evidence in the record that defendants who are without counsel for more than 10 days are required to appear without counsel at any other proceedings, much less at a critical stage.

There is also no evidence in the record that would support the conclusion that a delay of more than 10 days—or any other fixed period of time—is unreasonable in all circumstances. What constitutes a reasonable time in this context necessarily depends on the facts of the case. It would depend on when the first "critical stage" of the proceeding is scheduled to occur and how much time is needed to adequately prepare for it. Whether a defendant is in custody or released on his own recognizance could be a significant consideration. In addition, the complexity of cases—the seriousness of the criminal charges involved, the kinds of relevant evidence available, the extent to which scientific or other expert evidence is at issue, the kinds of defenses that might apply, the extent to which pre-trial motions need to be considered—varies widely. The same period of delay may be insignificant in one case yet prejudicial in another. Similarly, a delay that would be unreasonable for an *initial* appointment in a case may be reasonable for appointing substitute counsel at a later stage in the proceeding, again depending on various factors, including the complexity of the case, the nature and amount of work that the original attorney had done, and the reason why the original attorney could no longer represent the defendant and substitute counsel was required.

### 3.    Petitioners likewise have not shown that the class members' constitutional rights have been violated in any other respects.

Petitioners raise three additional claims independent of the Sixth Amendment right to counsel. They allege in their Second Claim that the Due Process Clause and the Eighth Amendment prohibit pretrial detention unless the court conducts an adversarial hearing at which counsel is provided to indigent defendants. (Amended Petition at 15–16.) They further allege in their Third Claim that conducting *any* proceedings in the absence of counsel or a voluntary

Page 13 -  STATE RESPONDENTS' MOTION FOR RECONSIDERATION

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

waiver violates due process.  (*Id.* at 16.)  They finally allege in their Fourth Claim that the delay in appointing them counsel violates equal protection based on indigency.  (*Id.* at 16–17.) Because "[d]ue process and equal protection principles converge," however, in the Court's analysis of the treatment of indigent defendants in the criminal justice system, *Bearden v. Georgia*, 461 U.S. 660, 664–65 (1983), that claim effectively merges with the Second Claim.

State respondents are not aware of any case holding that due process requires that counsel be appointed at a detention hearing or any other pretrial proceeding that is not a "critical stage." The only case petitioners cite for either proposition—*United States v. Salerno*, 481 U.S. 739 (1987)—did not consider those issues.

The *Salerno* Court considered a facial challenge to the Bail Reform Act of 1984, specifically a provision allowing the court to detain a defendant pending trial if the Government showed by clear and convincing evidence that no release conditions would reasonably assure the safety of the community.  *Salerno*, 481 U.S. at 741.  The Court upheld that provision against three separate attacks—one based on "substantive" due process, another on "procedural" due process, and the last on the Eighth Amendment's Excessive Bail Clause.  Throughout its discussion, the Court mentioned the provision of counsel only once, in connection with the procedural due process argument:

> Under the Bail Reform Act, the procedures by which a judicial officer evaluates the likelihood of future dangerousness are specifically designed to further the accuracy of that determination.  Detainees have a right to counsel at the detention hearing.  18 U.S.C. § 3142(f).  They may testify in their own behalf, present information by proffer or otherwise, and cross-examine witnesses who appear at the hearing.  *Ibid.*  The judicial officer charged with the responsibility of determining the appropriateness of detention is guided by statutorily enumerated factors, which include the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community.  § 3142(g).  The Government must prove its case by clear and convincing evidence.  § 3142(f).  Finally, the judicial officer must include written findings of fact and a written statement of reasons for a decision to detain.  § 3142(i).  The Act's review provisions, § 3145(c), provide for immediate appellate review of the detention decision.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

*Salerno*, 481 U.S. at 751–52.  The Court held that those "extensive safeguards" were sufficient "to repel a facial challenge," but it did not state or even suggest that due process would be violated if any one of the safeguards were omitted.  *See id.* at 752.

> **E.    Because there is no nexus between their custody and the alleged constitutional violations, petitioners have not shown that all class members' claims fall within this Court's habeas jurisdiction.**

Even assuming that the class members' constitutional rights are violated if the court does not appoint counsel within 10 days of their first appearance, petitioners have not shown that all of the class members' claims fall under this Court's narrow habeas corpus jurisdiction.  "The writ of habeas corpus shall not extend to a prisoner unless," as relevant here, he "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3). That statutory language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody."  *See Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (so stating in § 2254 case).[8]  For example, the federal courts lack jurisdiction over a habeas petition raising a challenge to a restitution order, even if that person is also in physical custody as a result of the same judgment.  *Id.*  Such a petitioner does not "contend[] that *his custody* offends federal law." *Id.* at 979 (emphasis added).

Here, petitioners have not shown that there is a nexus between the alleged constitutional violations and each class member's custody status.[9]  If each petitioner had been appointed counsel on the day of their initial appearance, the basis for their custody—the filing of an information or indictment alleging one or more crimes and supported by probable cause—would be unchanged.  At a minimum, it is speculative that any of the petitioners would not be in custody if they had received counsel earlier.  And, more importantly, there is no basis

---

[8] Section 2254 contains nearly identical language, providing that the court may entertain a habeas petition by a person in custody under a state-court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).

[9] To whatever extent some individual defendants have had preventative detention hearings without counsel, they may be able to show such a nexus.  Not every provisional class member has had such a hearing.

Page 15 -  STATE RESPONDENTS' MOTION FOR RECONSIDERATION
JA/mmv/909841560

whatsoever to conclude that every class member would have been released if only they had received counsel earlier.  In other words, petitioners do not allege that their *custody* offends federal law, and their claims are therefore not cognizable in habeas.

### F.    Petitioners have not shown that any identifiable class satisfies the requirements of Rule 23.

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("Wal-Mart") (citation and quotation marks omitted).  To ensure that this exception does not swallow the rule, Fed. R. Civ. P. 23 imposes "stringent requirements" for class certification. *American Express Co. v. Italian Colors Rest.,* 570 U.S. 228, 234 (2013).  A party seeking class certification must satisfy the requirements of Rule 23(a) and the requirements of at least one of the categories of Rule 23(b).  *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013).  Under Rule 23(a), a party seeking class certification must meet four requirements: numerosity, commonality, typicality, and adequacy of representation.  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

Rule 23 "does not set forth a mere pleading standard."  *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014) (quoting Wal-Mart, 564 U.S. at 350).  Rather, a party seeking class certification "has the burden of affirmatively demonstrating" his compliance with Rule 23. *Mazza*, 666 F.3d at 588.  That is, the party seeking certification "must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.," *Parsons*, 754 F.3d at 674 (emphasis in original), and must also "satisfy through evidentiary proof" at least one provision of Rule 23(b).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).[10]  A district

---

[10] Although neither the Supreme Court nor the Ninth Circuit has decisively attached a standard of proof for class certification, at least two district courts in Ninth Circuit have applied a preponderance of the evidence standard to the Rule 23 requirements.  *See Shanks v. Jarrow Formulas*, No. CV 18-09437 PA (AFMx), 2019 WL 4398506, at *3 (C.D. Cal. Aug. 27, 2019), *appeal dismissed*, No. 20-55078, 2020 WL 1951576 (9th Cir. Feb. 4, 2020); *In re Arizona Theranos Inc. Litig.*, No. 2:16-CV-2138-HRH, 2020 WL 5435299, at *5 (D. Ariz. Mar. 6, 2020),

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

court may certify a class only after it has conducted a "rigorous analysis" of the facts and

determined that they show "actual, not presumed, conformance" with Rule 23(a) and (b).

*General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 161 (1982).  A "rigorous analysis"

requires "judging the persuasiveness of the evidence presented" for and against certification.

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).  Applying that "rigorous

analysis," the Court should decline to certify the proposed classes.

> **1.    Petitioners cannot meet the numerosity because of the low number of current class members and factors related to the feasibility of joinder of individual claims weigh against certification.**

To justify proceeding as a class, the party seeking certification must prove that the

members of a class are so numerous that joinder of all members is impractical.  *Castillo v. Bank

of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020).  While no fixed number is required to satisfy the

requirement, the Ninth Circuit and this Court have found that forty class members is generally

sufficient to satisfy the numerosity element.  The number of class members, however, is not

always determinative on whether the numerosity requirement is met.  "Courts also consider

factors to determine whether joinder is impracticable, including the ease of identifying and

contacting class members; the geographical spread of class members; the ability and willingness

of individual members to bring claims, and their fear of retaliation in light of an ongoing

relationship with the defendant."  *J.N. v. Oregon Dep't of Educ.*, 338 F.R.D. 256, 264 (D. Or.

2021) (citing *Chastain v. Cam*, No. 3:13-cv-01802-SI, 2016 WL 1572542, at *5 (D. Or. Apr. 19,

2016)).

In its Order, the Court has defined the provisional class to include:

> criminal defendants who are: (1) indigent and unable to afford an attorney, (2)
> facing criminal charges in Washington County, (3) who are physically housed in a
> Washington County Detention Center, and (4) who have not had an attorney
> appointed to represent them within ten days of their initial appearance, (5) or have

---

*aff'd in part, rev'd in part and remanded sub nom.*, *B.P. v. Balwani*, No. 20-15974, 2021 WL
4077008 (9th Cir. Sept. 8, 2021).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

had an attorney appointed to their case who subsequently withdrew and no
substituted counsel has been appointed within ten days of their withdrawal.

(ECF No. 25 at 9.)  As of the afternoon of September 7, there were 10 individuals in Washington

County detention facilities who were indigent, facing criminal charges in Washington County,

and had not yet been appointed an attorney.  (Att. B.)  None of those individuals had been in

custody without counsel for more than 10 days.  (*Id.*)  Although additional individuals may join

the provisional class over time, petitioners have not shown that the class will grow so large that

joining new claims as they ripen would be impracticable.

The factors for determining whether joinder is impractical also weigh against

certification.  The individuals are housed in one county at one of two facilities, both in

downtown Hillsboro.  The potential class members are not geographically diverse or difficult to

contact.  Potential class members also need not fear retaliation from respondents, who would

readily appoint counsel if any were available.  Because of the small number of potential class

members and the factors weighing against numerosity, the Court should decline to certify the

class and allow individual detainees to bring suit if and when circumstances warrant it.

> ### 2.    The numerous factual and legal differences between the class members demonstrate that class members do not share common claims sufficient to obtain class certification

The record lacks a preponderance of evidence that the putative class members share a

common injury that gives rise to common claims.  The Supreme Court explained in *Wal-Mart*

that Rule 23's commonality "language is easy to misread, since any competently crafted class

complaint literally raises common questions."  564 U.S. at 349 (citations and quotation marks

omitted).  Reciting common questions "is not sufficient to obtain class certification."  *Id.*

Petitioners must demonstrate a common injury and not merely "a violation of the same provision

of law."  *Id.* at 350.  A common injury arises from a common contention "of such a nature that it

is capable of classwide resolution – which means that determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*,

564 U.S. at 350.  While it is true that the class members all claim violation of the same

Page 18 -  STATE RESPONDENTS' MOTION FOR RECONSIDERATION

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

constitutional rights to counsel, the nature of those claims and the relief sought in this case cannot be resolved with the determination of a central issue.

The class encompasses all individuals being held in Washington County for more than ten days after an initial appearance without appointed counsel or those whose appointed counsel has withdrawn.  (ECF No. 25 at 9.)  However, among the individuals who could now be considered members of the putative class, or who might become members in the future, no one claim can be resolved to determine whether all class members suffer violations of their right to counsel.  As explained above, a delay of more than 10 days—or any other fixed period of time— is not *per se* unreasonable in all circumstances.  A consideration of the totality of each detainee's circumstances is necessary to resolve the central issue in their claims.

Petitioners cannot meet their burden of establishing a common question of such a nature that is capable of class wide resolution.  Although all petitioners claim violation of the same constitutional rights, that alone is not sufficient to establish the commonality element required for class certification.  Especially considering the small number of class members, the Court should refrain from certifying the class and allow individual claims to proceed where appropriate.

### 3.    Petitioners fail to satisfy the criteria of Rule 23(b)(2).

Section (b) of Rule 23 authorizes a class action if the record shows that the defendants "acted or refused to act on grounds generally applicable to the class" such that the Court could grant class-wide relief.  The Supreme Court explained that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. Class certification is not appropriate when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Wal-Mart*, 564 U.S. at 360 (emphasis in original).  Just as commonality is not established by the bare assertion that every class member has suffered a violation of the same provision of law, a general injunction "to follow the law" is not sufficient to show that class-wide relief is appropriate.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Whether and at what point a person's constitutional right to counsel has been violated will vary depending on the circumstance surrounding that individual's case. *See, e.g*, *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006). The Court attempts to fashion a one-size-fits-all solution by ordering the release of an individual if they do not have appointed counsel within 10 days of an initial appearance. (ECF No. 25 at 14.) But that solution does not and cannot address, in a single injunction, whether or when an individual class member will face a critical stage in the prosecution such that the right to counsel has been violated. *See Hovey*, 458 F.3d at 901 (9th Cir. 2006) (setting forth factors to determine what constitutes a critical stage in a prosecution).

The Supreme Court warned against the application of Rule 23(b)(2) injunctive class to due process claims regarding bond hearings for people detained during immigration proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 851–52 (2018). The Court instructed the Ninth Circuit on remand to "consider whether a Rule 23(b)(2) class action continues to be the appropriate vehicle for respondents' claims in light of *Wal–Mart Stores, Inc. v. Dukes.*" *Id.* at 851 (citation omitted). The Court expressed its concern because "the Court of Appeals ha[d] already acknowledged that some members of the certified class may not be entitled to bond hearings as a constitutional matter." *Id.* at 852. In such a case, it "may no longer be true that the complained of 'conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id*. (quoting *Wal-Mart*, 564 U.S. at 360) (internal quotation marks omitted). The Court also expressed doubt as to whether an injunctive class would be appropriate for the plaintiffs' due process claims at all, noting that such claims are flexible and their remedy dependent on the demands of each particular situation. *Jennings*, 138 S. Ct. at 852.

The case here presents precisely the type of case where Rule 23(b)(2) would not be appropriate for class treatment. As argued above, whether an individual class member's right to counsel has attached and whether the current lack of appointed counsel causes a constitutional deprivation is highly dependent on the individual circumstance. The procedural posture of the

Page 20 -  STATE RESPONDENTS' MOTION FOR RECONSIDERATION

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

case, whether appointed counsel has withdrawn and the circumstances of the withdrawal, as well as the severity and nature of the offense will dictate whether a delay in providing counsel is unreasonable. No one injunction could account of all members of the class.

As the Court's current order acknowledges, even the remedy available to each class member is different and will require an independent determination of necessary conditions of release from the state circuit court judges. (*See* ECF No. 25 at 14.) The conditions of release also rely on the particular circumstances of the individual class members, including prior history of court appearance or non-appearance, the severity and nature of the offense, and the need to protect a victim of society as a whole.

Petitioners cannot meet their burden that class certification is authorized under Rule 23(b)(2). A single class-wide injunction cannot account for the myriad of factual and legal issues necessary to determine whether an individual class member's right to counsel has attached. By the nature of a sixth amendment right to counsel claim, such a determination relies on the circumstances of each individual, making class-wide injunctive relief improper under Rule 23(b)(2). The Court should, therefore, deny class certification in this case.

## IV.    Conclusion

For those reasons, this Court should reconsider and vacate its opinion and order provisionally certifying a class and granting that class a preliminary injunction.

DATED September  12 , 2023.          Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    *s/ James M. Aaron*
JAMES M. AARON #132865
Assistant Attorney General
Of Attorneys for Respondents Washington
County Circuit Court Judges and State of
Oregon

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794