**Fidel Cassino-DuCloux**
FEDERAL PUBLIC DEFENDER
**Stephen R. Sady**
Chief Deputy Federal Public Defender
**Julie Vandiver, Jessica Snyder,**
**Robert Hamilton, Michael Benson,**
**Peyton E. Lee, and Megha Desai**
Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123

**David F. Sugerman**, OSB No. 862984
**Nadia Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205
Tel: (503) 228-6474

**Attorneys for Petitioners**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WALTER BETSCHART, JOSHUA SHANE
BARTLETT, CALEB AIONA, TYRIK
DAWKINS, JOSHUA JAMES-RICHARDS,
TANIELA KINI KIN LATU, RICHARD
OWENS, LEON MICHAEL POLASKI,
ALEX SARAT XOTOY, TIMOTHY
WILSON, JEFFREY DAVIS, RICHARD
AARON CARROLL, SR., JENNIFER LYN
BRUNETTE, NICHOLAS WALDBILLIG,
DEREK PIMENO ZAVALA, CURTIS RAY
ANTHONY REMINGTON, CRISTA JEAN
DAVIS, NICHOLE LYNN WHALEN, and
JACOB ISAAC NATHANIEL COLE, on
their behalf, and on behalf of all others
similarly situated,

Petitioners,

v.

PATRICK GARRETT, WASHINGTON
COUNTY SHERIFF, in his official capacity,
WASHINGTON COUNTY CIRCUIT
COURT JUDGES, in their official capacities,
and THE STATE OF OREGON,

Respondents.

Case No. 3:23-cv-01097-CL

**SECOND MOTION AND**
**MEMORANDUM IN SUPPORT OF**
**PROVISIONAL CLASS**
**CERTIFICATION**

(EXPEDITED CONSIDERATION
REQUESTED)

ORAL ARGUMENT REQUESTED

## MOTION

Petitioners respectfully move this Court for an order provisionally certifying this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons who are: (1) indigent and unable to afford an attorney, (2) facing criminal charges brought in the name of the State of Oregon, (3) who, without counsel, have been released on restrictive conditions in the community and are required to return to court for future appearances in that prosecution, and (4) who have not had an attorney appointed to represent them after their initial appearance, or (5) have had an attorney appointed to their case who subsequently withdrew and no substituted counsel has been appointed.

This Court previously granted provisional class certification to the class of individuals with the foregoing characteristics who are detained by Washington County and who had been without counsel for at least 10 days.  ECF 25, at 9.  Since then, the State of Oregon has intervened as a respondent, resulting in a Second Amended Petition expanding the action to include a statewide class of indigent defendants on restrictive conditions in the community.  ECF 28 & 34 (attach. 1).  This motion to provisionally certify the statewide restricted-condition class is supported by the Declarations of Stephen Sady and Nadia Dahab, ECF 6-4 & 6-5, as well as the Declarations of Jennifer Brunette ("Brunette Decl."), Richard Carroll ("Carroll Decl."), Crista Davis ("C. Davis Decl."), Jeffery Davis ("J. Davis Decl."), Curtis Remington ("Remington Decl."), Alex Sarat Xotoy ("Xotoy Decl."), Nicholas Earl Waldbillig ("Waldbillig Decl."), Nichole Whalen ("Whalen Decl."), and Derek Zavala ("Zavala Decl.").

## MEMORANDUM OF LAW

### I.    Introduction

For the reasons explained below, and for the additional reasons set forth in this Court's Opinion and Order Granting Motion for Temporary Restraining Order and Provisionally Certifying Class, ECF 25, this case is ideally suited for class certification. In this case, the petitioners and the putative class are now, or soon will be, facing criminal charges in the State of Oregon, have been released on conditions in the community, are required to return to court for future appearances in that prosecution, and do not have an effective attorney appointed to represent them. In other words, they have all been deprived of their rights to counsel, equal protection, and due process. As explained in the petitioners' Motion for Preliminary Injunction, ECF 37, all class members face irreparable harm based on a common legal question: whether holding indigent defendants on restrictive conditions in the community, without counsel, based on pending criminal charges, violates their federal constitutional rights under the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Through this motion, the petitioners therefore seek to certify a class defined as follows:

> All persons who are: (1) indigent and unable to afford an attorney, (2) facing criminal charges brought in the name of the State of Oregon, (3) who, without counsel, have been released on restrictive conditions in the community and are required to return to court for future appearances in that prosecution, and (4) who have not had an attorney appointed to represent them after their initial appearance, or (5) have had an attorney appointed to their case who subsequently withdrew and no substituted counsel has been appointed.

The proposed class satisfies all of the prerequisites of Rule 23(a) and is appropriate for certification under Rule 23(b)(2). Class certification should therefore be granted.

### II.    Analysis

As with other civil actions, "a class action may lie in habeas corpus." *Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir. 1987) (citing *Mead v. Parker*, 464 F.2d 1108, 1112–13 (9th Cir.

1972)); *see also United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125–27 (2d Cir. 1974);

*Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973).  The principal purpose of a class

action is "efficiency and economy of litigation."  *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538,

553 (1974).  When considering the certification of a class, the Court does not assess the merits of

the claims. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013); *Eisen v.

Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Stockwell v. City & Cty. of San Fran.*, 749 F.3d

1107, 1111-12 (9th Cir. 2014).  All the requirements under Rule 23 are met in this case.

Therefore, this action should proceed as a class action on behalf of indigent persons who face

criminal charges in the State of Oregon, who are on restrictive conditions in the community, and

who do not have an attorney representing them on their case.  As explained in Plaintiffs' Motion

for Preliminary Injunction, ECF 37, while in custody, these individuals are unable to receive

advice or advocacy from counsel during the pendency of their charges.  Moreover, they have

been forced to proceed with uncounseled hearings where they must choose to either make

uncounseled statements or have no opportunity to be heard.  As a whole, class members suffer

from grave deprivation of counsel and of liberty in violation of their federal constitutional rights.

### A.    The Rule 23(a) prerequisites for class certification are satisfied.

Petitioners seeking to represent a class must first establish that the proposed class meets

the following four requirements of Rule 23(a):

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    common questions of law or fact exist among the class-members;
> (3)    the claims of the class representative are typical of the claims of the class; and
> (4)    the class representative will fairly and adequately represent the interests of the class.

These four prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 828 n.6 (1999) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

### 1.    The numerosity requirement is satisfied.

Rule 23(a) requires that members of a class be sufficiently numerous that joinder of all members of the class is impracticable. *Amchem*, 521 U.S. at 613. In establishing this element, the representative need not show that the number of class members is so large that it would be impossible to join all of them; "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). There is no fixed number of class members that either necessitates or precludes the certification of a class. *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). "[A]s a 'rough rule of thumb,' approximately forty members is sufficient to satisfy the numerosity requirement." *Or. Laborers-Emp'rs Health & Welfare Tr. Fund v. Philip Morris*, 188 F.R.D. 365, 372 (D. Or. 1998) (citations omitted).

The petitioners' proposed class includes all indigent persons statewide who are now or will be facing criminal charges, who without counsel executed a release agreement with the State of Oregon, requiring them to return to court for future appearances in that prosecution while under restrictive conditions, and who do not have an attorney appointed to represent them. Based on records at the time of filing of the proposed Second Amended Petition, the number of class members is approximately 2,454 persons, which easily satisfies the numerosity requirement.

In analyzing this element, courts are to consider not only the number of potential petitioners, but also factors such as class members' "degree of sophistication, and class members' reluctance to sue individually" in determining the impracticability of joinder. *Philip Morris,* 188 F.R.D. at 372–73 (citing *Jordan v. City of Los Angeles,* 669 F.2d 1311, 1319 (9th

Cir.1982), *vacated on other grounds*, 459 U.S. 810 (1982)).  Class members' lack of

sophistication, for instance, as well as other impediments to indigent criminal defendants' ability

to advocate for their rights, militate in favor of class treatment.  *See Halbert v. Michigan*, 545

U.S. 605, 607 (2005) ("Persons in Halbert's situation, many of whom have little education,

learning disabilities, and mental impairments, are particularly handicapped as self-

representatives.").  In this case, the numerosity requirement is satisfied, both by the number of

indigent defendants affected and the challenges the class members face, without counsel, in

individually protecting their rights.

### 2.    The questions of law presented are common to the class.

The Ninth Circuit repeatedly has stated that the "commonality" requirement of Rule

23(a)(2) is "construed permissively."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010)

(citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998)), *abrogated on other

grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022).[1]  Commonality may be

satisfied by the existence of "shared legal issues" with divergent facts or a "common core of

salient facts" with "disparate legal remedies."  *Rodriguez,* 591 F.3d at 1122 (quoting *Hanlon,*

150 F.3d at 1019).  Commonality is also satisfied where the question of law linking the class

members is substantially related to the resolution of the litigation even though the individuals are

not identically situated.  *Jordan*, 669 F.2d at 1320.

As the Ninth Circuit has explained, commonality does not require that all class members

be identically situated.  *Rodriguez*, 591 F.3d at 1122 ("It is not necessary that '[a]ll questions of

fact and law . . . be common to satisfy the rule.'" (quoting *Hanlon*, 150 F.3d at 1019)).  In

---

[1]    Although the substantive immigration law has shifted, the class certification aspect of
*Rodriguez* remains good law.  *See Rodriguez*, 53 F.4th at 1199 (noting subsequent developments
in immigration law).

*Rodriguez*, for instance, the putative class consisted of all immigration detainees held for more than six months without a bond hearing. *Id*. at 1111. The Ninth Circuit rejected the government's argument that the various factual differences, such as variations in the detention authority and release status, defeated commonality. *Id.* Under Rule 23, the existence of one or more common facts or legal claims, as is present here, is enough. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); *see also In re First All. Mortg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006) ("When the modern class action rule was adopted, it was made clear that 'common' did not require complete congruence."); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (differences among class members regarding merits of individual cases were "simply insufficient to defeat the propriety of class certification"); *Celano v. Marriott Int'l*, 242 F.R.D. 544, 551 (N.D. Cal. 2007); *see also Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (the need for subsequent individual proceedings "does not supply a basis for concluding that [the named plaintiff] has not met the commonality requirement"); *Doe v. Los Angeles Unified Sch. Dist.*, 48 F. Supp. 2d 1233, 1241 (C.D. Cal. 1999) ("[C]ommonality exists if plaintiffs share a common harm or violation of their rights, even if individualized facts supporting the alleged harm or violation diverge.").

Additionally, where, as here, "the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected." *Philip Morris,* 188 F.R.D. at 373 (citing Newberg & A. Conte, *Newberg on Class Actions* § 3.10, at 51 (3d ed. 1992)). Stated another way, commonality is satisfied where the actions complained of are the product of centralized decision-making. *Staton v. Boeing Co.*, 327 F.3d 938, 956 (9th Cir. 2003); *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("commonality is satisfied where the

Page 7 –  SECOND MOTION AND MEMORANDUM IN SUPPORT OF PROVISIONAL
         CLASS CERTIFICATION

lawsuit challenges a system-wide practice or policy that affects all of the putative class

members."), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Likewise here, each class member's claim raises the same fundamental question of law:

whether placing indigent defendants on restrictive conditions in the community without counsel

based on pending criminal charges violates their federal constitutional rights under the Sixth and

Eighth Amendments and the Due Process and Equal Protection Clauses of the Fourteenth

Amendment.  Each class member is deprived of their right to counsel and their liberty while they

are held on those restrictive conditions.  ECF 37, at 9, 18.  That deprivation is based on the

State's failure to provide court-appointed counsel to indigent criminal defendants that applies to

all class members, not to class members based on their individual characteristics.  The

commonality requirement is satisfied.

### 3.    The petitioners' claims are typical of the claims of the class.

The purpose of the typicality requirement is to ensure that the claims or defenses of the

representative petitioners are typical of those of the class.  *Staton*, 327 F.3d at 957 (citing *Gen.*

*Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)); *Philip Morris*, 188 F.R.D. at 373.

Typicality, like commonality, is "'permissive' and requires only that the representative's claims

are 'reasonably co-extensive with those of absent class member; they need not be substantially

identical.'"  *Rodriguez*, 591 F.3d at 1124 (quoting *Hanlon*, 150 F.3d at 1020).

*Rodriguez* is instructive.  There, although the petitioners and putative class members were

at different stages in the removal process, and therefore did not raise identical claims, the

typicality requirement was satisfied because they were "alleged victims of the same"

governmental practice.  *Id.*  A representative is typical of the class where there is a nexus

between the petitioner's injury and the injuries suffered by the class members.  *E. Tex. Motor*

*Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  "[A] nexus will be found where the

named plaintiffs' claims stem from the same event, practice or course of conduct that forms the basis of the class claims and is based on the same legal or remedial theory." *Bower v. Bunker Hill*, 114 F.R.D. 587, 594 (E.D. Wash. 1986) (internal citations omitted).  The typicality requirement is satisfied where the respondent's unlawful conduct was directed at or affected the class as a whole. *Rodriguez*, 591 F.3d at 1124.  Significantly, even the representative's release while putative class members remain in custody does not defeat typicality. *Id.* at 1124. Consequently, it is the nature of the claim or defense of the class representative, and not the facts related to the individual class member, that provides the necessary nexus. *Philip Morris,* 188 F.R.D. at 374.

In this case, the petitioners' and class members' claims arise from the same government conduct; namely the state's failure to provide court-appointed counsel to indigent defendants who are on restrictive conditions in the community.  The deprivation of the right to counsel results in similar injuries under the Sixth Amendment for the petitioners and the class members. Although individual facts may bear on the types of restrictive conditions in the community, the predicate question is whether holding indigent defendants in custody, which under *Hensley v. Municipal Ct.*, 411 U.S. 345, 351 (1973), includes restrictions in the community, without counsel based on pending criminal charges violates their federal constitutional rights under the Sixth and Eighth Amendments and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  That question is typical of all class members. *See LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class.").  Petitioners present claims typical of the class.

### 4. The petitioners and counsel will fairly and adequately protect the interests of the class.

"Whether the class representatives satisfy the adequacy requirement depends on 'the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.'" *Rodriguez,* 591 F.3d at 1125 (quoting *Walters*, 145 F.3d at 1046). Rule 23(a)(4) requires that the class representatives must "fairly and adequately protect the interests of the class." *Amchem,* 521 U.S. at 613. To satisfy the requirement of adequate representation, (1) the proposed class representative must not have conflicts of interest with the proposed class, and (2) class counsel must be qualified and competent. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238-39 (9th Cir. 1998); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

In this case, Petitioners will fairly and adequately advocate the interests of the class. They each understand the duties of a class representative and, if appointed, will stay informed about the case, stay in contact with class counsel, and put the interests of the class first. *See* Brunette Decl. ¶¶ 3–6; Carroll Decl. ¶¶ 3–6; C. Davis Decl. ¶¶3–6; J. Davis Decl. ¶¶ 3–6; Remington Decl. ¶¶ 3–6; Xotoy Decl. ¶¶ 3–6; Waldbillig Decl. ¶¶ 3–6; Whalen Decl. ¶¶ 3–6; Zavala Decl. ¶¶ 3–6. And undersigned counsel has already been appointed as class counsel in this case and remains qualified to do so here. *See Sacora v. Thomas,* No. CV 08-578-MA, 2009 WL 4639635, at *11 (D. Or. Dec. 3, 2009) ("Given [the Oregon Federal Public Defender's] experience in handling the issues presented by the previous and pending habeas corpus petitions, there is no doubt that counsel will vigorously prosecute this action on behalf of the class as required under Rule 23(a)(4)."). Oregon's Federal Public Defender has a long history of representing large groups of petitioners in § 2241 litigations and has extensive experience litigating to enforce indigent criminal defendants' rights generally. *See* ECF 6-4 (Decl. of

Stephen R. Sady).  And the attorneys at Sugerman Dahab are experts in class action litigation.
*See* ECF 6-5 (Decl. of Nadia H. Dahab).  All representatives and counsel share the interest of the
class in ensuring that class members are released and ultimately receive court-appointed counsel.
The adequacy requirement is readily satisfied.

### B.    The class should be certified under Rule 23(b)(2).

In addition to satisfying the prerequisites of Rule 23(a), the petitioners meet the

requirements of Rule 23(b)(2) because the State's actions affect the class as a whole, making

injunctive and declaratory relief appropriate.  For a class to be certified under Rule 23(b)(2),

there must be a showing that "the party opposing the class has acted or refused to act on grounds

that apply generally to the class, so that final injunctive relief or corresponding declaratory relief

is appropriate respecting to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) is

satisfied if class members complain of a pattern or practice that is generally applicable to the

class as a whole.  *See Walters*, 145 F.3d at 1047.  "[Q]uestions of manageability and judicial

economy are irrelevant to 23(b)(2) class actions."  *Rodriguez*, 591 F.3d at 1126 (quoting

*Forbush*, 994 F.2d at 1105); *see Elliott v. Weinberger*, 564 F.2d 1219, 1229 (9th Cir.1977) ("By

its terms, Rule 23 makes manageability an issue important only in determining the propriety of

certifying an action as a (b)(3), not a (b)(2), class action."), *aff'd in pertinent part*, *rev'd in part*

*sub nom. Califano v. Yamasaki*, 442 U.S. 682 (1979).[2]

In *Rodriguez*, again, the Ninth Circuit rejected the government's argument that Rule

23(b)(2) was not satisfied because some class members may not ultimately be entitled to relief.

---

[2]    So, too, are questions of ascertainability.  Ascertainability is not required for class
certification in the Ninth Circuit.  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir.
2017) (recognizing that the court had not adopted an ascertainability requirement); *Bee, Denning,
Inc. v. Capital Alliance Grp.*, 2016 WL 3952153, at *5 (S.D. Cal. July 20, 2016)
("[A]scertainability should not be required when determining whether to certify a class in the
23(b)(2) context.").

591 F.3d at 1126. There, the court reasoned that "[t]he rule does not require us to examine the viability or bases of class members' claims for injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Id.* at 1125. "'[I]t is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Id.* at 1125 (quoting *Walters*, 145 F.3d at 1047) (citing *Alliance to End Repression v. Rochford*, 565 F.2d 975, 979 (7th Cir. 1977)). Even though some members of the putative class may have suffered different injuries from the challenged practice, such variables do not prevent the class from meeting the requirements of Rule 23(b)(2). *Rodriguez*, 591 F.3d at 1124; *Walters*, 145 F.3d at 1047.

In this case, the requirements of Rule 23(b)(2) are readily satisfied. The petitioners allege that all class members have been or will be subject to restrictive conditions on release imposed by the State of Oregon, pending criminal proceedings for which they have not been appointed an attorney. All class members seek the same relief: a grant of the writ of habeas corpus, release from custody, which requires dismissal of charges, and a declaratory judgment that their constitutional rights have been violated. Rule 23(b)(2) requires no more. *See Rodriguez*, 591 F.3d at 1125 (requirements of Rule 23(b)(2) met although various statutes will govern class members' hearing, because "all class members seek the exact same relief as a matter of statutory or, in the alternative, constitutional right." (citing *Walters*, 145 F.3d at 1047)); *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (certifying under Rule 23(b)(2) class of children seeking declaratory and injunctive relief from systemic failures in child welfare system despite differing harms experienced by class members).

**C.      Mootness and ripeness do not bar class certification.**

Mootness, much less the potential for mootness, is not a basis to deny class certification. *Rodriguez*, 591 F.3d at 1117–18; *Gorbach v. Reno*, 219 F.3d 1087, 1092 n.24 (9th Cir. 2000) (en banc) ("a class action does not become moot merely because it has become moot as to a named plaintiff.") (citing *Sosna v. Iowa*, 419 U.S. 393, 402 (1975)).  An action brought on behalf of a class does not become moot upon expiration of a named plaintiff's substantive claim because the representative of the class retains a "personal stake" in obtaining class certification sufficient to assure that Article III values are not undermined.  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 388 (1980).  And in a case like this, the "inherently transitory" exception to the mootness doctrine applies to allow the Court to reach the merits even if the named petitioners have received "some relief" before class certification.  *See Doe #1 v. Trump*, 335 F.R.D. 416, 429 (D. Or. 2020) (citing *Nielson v. Preap*, 139 S. Ct. 954 (2019)).  As the Supreme Court held in *Sosna*, even if a named plaintiff's action becomes moot, mootness does not occur so long as the controversy remains alive for the class of persons that the plaintiff has been appointed to represent. 419 U.S. at 393.

Similarly, the petitioners have a continuing interest in protecting all class members regardless of events in individual cases.  Thus, the ripeness doctrine is not a bar to class certification.  All class members' claims are ripe because they their current restrictive conditions in the community have the potential to be lifted.

**III.     Conclusion**

The petitioners proposed class should be certified because the requirements of Rule 23 have been met.  In the absence of certification, the class members would be required to initiate individual suits raising identical claims.  Proceeding as a class would provide for fair and

efficient consideration of the class members' claims.  Thus, for the foregoing reasons, the

petitioners respectfully request that the Court:

1.      Enter an order provisionally certifying the proposed class;

2.      Appoint Jennifer Brunette, Richard Carroll, Crista Davis, Jeffery Davis, Curtis
Remington, Alex Sarat Xotoy, Nicholas Earl Wadbillig, Nichole Whalen, and
Derek Zavala as class representatives, and;

3.      Appoint undersigned counsel as class counsel.


Respectfully submitted this September 12, 2023.

FEDERAL PUBLIC DEFENDER                 SUGERMAN DAHAB

/s/ *Fidel Cassino-DuCloux*                      /s/ *David Sugerman*
Fidel Cassino-DuCloux                          David Sugerman
Fidel_Cassino-DuCloux@fd.org                   David@sugermandahab.com
/s/ *Stephen R. Sady*                            /s/ *Nadia Dahab*
Stephen R. Sady                                Nadia Dahab
Steve_Sady@fd.org                              nadia@sugermandahab.com
/s/ *Julie Vandiver*
Julie Vandiver
Julie_Vandiver@fd.org
/s/ *Jessica Snyder*
Jessica Snyder
Jessica_Synder@fd.org
/s/ *Robert Hamilton*
Robert Hamilton
Robert_Hamilton@fd.org
/s/ *Peyton E. Lee*
Peyton E. Lee
Peyton_Lee@fd.org
/s/ *Megha Desai*
Megha Desai
Megha_Desai@fd.org
/s/ *Michael Benson*
Michael Benson
Michael_Benson@fd.org


*Attorneys for Petitioners*