ELLEN F. ROSENBLUM
Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email: James.Aaron@doj.state.or.us

Attorneys for Respondents Washington County Circuit Court Judges and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WALTER BETSCHART, ET AL., | Case No. 3:23-cv-01097-CL |
| Petitioners, | WASHINGTON COUNTY CIRCUIT COURT JUDGES' MOTION TO DISMISS |
| v. | |
| SHERIFF PATRICK GARRETT, ET AL., | |
| Respondents. | |

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), respondents Washington County Circuit Court Judges ("judicial respondents") respectfully move to dismiss themselves as a party to this habeas corpus action, because they do not have custody of any of the named petitioners or any members of the proposed class.[1] Undersigned counsel certifies pursuant to LR 7-1(a)(1) that the parties made a good faith effort to resolve the dispute and have been unable to do so. Petitioners object to dismissal "in the absence of agreement by the State of Oregon that it has the

---

[1] In the alternative, the judicial respondents join in the State Respondents' Response to Second Amended Petition for Writ of Habeas Corpus, which is being filed concurrently.

Page 1 -   WASHINGTON COUNTY CIRCUIT COURT JUDGES' MOTION TO DISMISS
JA/mmv/910480441

authority to carry out such remedial action as the Court orders and that no other respondent need be named."

## LEGAL MEMORANDUM

Petitioners are criminal defendants facing charges in the State of Oregon who have spent varying amounts of time without appointed counsel. Some are in physical custody in Washington County detention facilities, while others are on conditional release pending trial. They seek in their Second Amended Petition to assert claims on behalf of all indigent defendants in the state who are on conditional release while unrepresented. Because the judicial respondents do not have custody of any of the named petitioners or any of the proposed class members, however, this Court lacks personal jurisdiction over them and should therefore dismiss them as a party to this case.

The writ of habeas corpus extends, as relevant here, only to those who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Custody encompasses not only immediate physical imprisonment but also restraints not shared by the public generally that significantly confine and restrain freedom. *See, e.g.*, *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510 (1982). A person who has been released on personal recognizance pending retrial, for example, is nevertheless "in custody" within the meaning of the habeas statutes. *See, e.g.*, *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300–02.

A petition for habeas corpus relief must allege "the name of the person who has custody over him," and the writ "shall be directed to the person having custody of the person detained." 28 U.S.C. §§ 2242–43. The custodian is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). In other words, the habeas statutes "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.*

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).  Failure to name the proper custodian deprives the federal courts of personal jurisdiction.  *See Smith v. Idaho*, 392 F.3d 350, 354–56 (9th Cir. 2004) (so stating in § 2254 case).

When a petitioner is in physical custody, the proper respondent is the warden, superintendent, or similar official in charge of the facility where the petitioner is being detained. *See, e.g.*, *Padilla*, 542 U.S. at 435.  Here, all of the petitioners and proposed class members in physical custody are housed in one of two facilities operated by the Washington County Sheriff's Office, and Sheriff Garrett is therefore the proper custodian of those petitioners.

The proper respondent for someone who is not in physical custody but is nevertheless "in custody" for purposes of the habeas statutes is less clear.  The judicial respondents, however, are not aware of any decision holding that a judge is a proper respondent, and petitioners offer none. The Court has explained, moreover, that personal involvement is not the standard by which custody is measured.  *Padilla*, 542 U.S. at 440 n.13.  Rather, "the proper respondent is the person responsible for *maintaining*—not *authorizing*—the custody of the prisoner."  *Id.* (emphasis added) (citing *Al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004)).  In *Al-Marri*, for instance, a detainee in a naval brig who had been declared an enemy combatant, sought habeas corpus and named the President as a respondent.  360 F.3d at 708.  The Seventh Circuit held that the President was improperly named, explaining:

> [T]he President could not be called al-Marri's custodian even if he were otherwise an appropriate litigant.  True, the President authorized al-Marri's custody by designating him as an enemy combatant, but there is a difference between authorizing and exercising custody.  A judge authorizes custody by imposing a sentence of imprisonment, but this does not make the judge an appropriate respondent in a collateral attack.  The legislature that enacted the statute in question, the criminal investigator who found damning evidence, the prosecutor, the grand jurors who returned the indictment, the petit jurors who rendered the verdict, the judge who imposed sentence, the state or federal attorney general, the governor (or President)—these and more play roles in authorizing custody.  But for an inmate of a brig, jail, or prison the "custodian" is the person in charge of that institution.

*Id.*

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Petitioners allege here that they named the judicial respondents "to foreclose disputes regarding the custody of persons on restrictions in the community and to expand the scope of potential remedies." (ECF No. 34-1 at 8.) They alleged in the First Amended Petition that the judicial respondents were named "as having entered orders of detention in jail or restrictive conditions in the community and oversee the prosecutions of the cases against class members." (ECF No. 18 at 6.) They make no allegations in the Second Amended Petition about the judges' involvement in their custody. (*See* ECF No. 34-1.) In other words, petitioners neither allege nor offer evidence that the judicial respondents are responsible for maintaining—rather than authorizing—the custody of defendants on conditional release.[2]

Because the judicial respondents are not the custodians of any of the named petitioners or proposed class members, this Court lacks personal jurisdiction over them, and they should be dismissed as a party from this proceeding.

DATED September   15  , 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ James M. Aaron*
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4794
James.Aaron@doj.state.or.us
Of Attorneys for Respondents Washington
County Circuit Court Judges and State of
Oregon

---

[2] As to the petitioners and proposed class members with charges outside Washington County, the judicial respondents were not involved whatsoever, even to authorize the conditional release. Petitioners' failure to add the judges of any other counties even as they seek to expand the class of petitioners on release statewide undermines any suggestion that the judges are necessary or proper respondents. As explained in the State Respondents' Response, moreover, defendants can be—and are—conditionally released without any judicial involvement at all.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794