**Eamon McMahon**, OSB No. 153879
Assistant County Counsel II
*eamon_mcmahon@washingtoncountyor.gov*
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Sheriff Patrick Garrett

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WALTER BETSCHART, et al.,<br><br>Petitioners,<br><br>v.<br><br>PATRICK GARRETT, WASHINGTON COUNTY SHERIFF, in his official capacity, et al.,<br><br>Respondents. | Case No. 3:23-cv-01097-CL<br><br>**RESPONDENT SHERIFF PATRICK GARRETT'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTIONS IN FAVOR OF SUBCLASSES OF PETITIONERS IN CUSTODY IN VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS** |

Respondent Sheriff Garrett asks that this Court deny Petitioner's Motion for Preliminary Injunction given that they have failed to exhaust their state law remedies, because the doctrine of *Younger* abstention properly applies, and because the relief sought is not appropriate given the nature of the alleged deprivation of constitutional rights. Respondent Garrett's arguments in this matter are largely duplicative of the Answer to Petitioner's Second Amended Complaint [ECF 51] and the Objection to Motion for Temporary Restraining Order [ECF 19], which Respondent Garrett would adopt by reference in this Objection. The only substantive change that impacts

Respondent Garrett's position is the proposed modification of the period for appointment of counsel from 10 days to 48 hours. For the sake of efficiency and to avoid duplication, Respondent Garrett incorporates by reference the arguments in the above-referenced documents, including arguments made at prior oral argument, and focuses primarily on the new issue in this Objection. This response is supported by the declaration of Lt. Vance Stimler ("Stimler Dec.").

I. **Relevant Law**

The standard for a preliminary injunction employs substantially the same factors as the standard for a Temporary Restraining Order (TRO). *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Those factors mean a Petitioner must show "(1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). An injunction may issue only with the issuance of security in an amount proper to pay costs and damages sustained by any party found to be wrongfully enjoined or restrained. Fed. R. Civ. Proc. 65 (c). An appropriate amount of security would be the costs and damages incurred by Respondent in incorporating any wrongful injunction.

II. **Argument**

The critical question raised by Petitioners' request for modified relief—an order that all defendants without counsel for longer than 48 hours be released—implicates the second, third and fourth prongs of the preliminary injunction test.

## A. Petitioners Have Failed to Show Irreparable Harm

Petitioners cannot show that they are likely to suffer irreparable harm if they are not appointed counsel within 48 hours. Petitioners' position is predicated on the Oregon Supreme Court's holding in *State v. Gray*, 370 Or. 116, 124, 515 P.3d 348, 353 (2022) that a defendant arraigned on a felony information has a right to testify in front with counsel in front of a grand jury considering charges against them with counsel present pursuant to ORS 132.320(12). But the harm that Petitioners identify here is merely speculative; they have not presented any evidence or information that Petitioners are actually being deprived of this right. Furthermore, this right only applies to individuals that are in custody on felony charges; no such right to testify in front of a grand jury exists for individuals being held on misdemeanor charges. Petitioners received preliminary class certification for in-custody defendants on the grounds that they are similarly situated; Petitioners now attempt to use an edge case—the rare instance where there might be a reason for a Defendant to testify in front of a grand jury—to radically reshape the mechanism of appointment of counsel for *all* cases, including where a putative class member does not possess the right they claim to be deprived of.

Analogous to oral argument at the last hearing, Petitioner seek to bring a *de facto* challenge to the constitutionality of ORS 135.010 setting forth the time and place of arraignment and ORS 135.040 setting forth the procedure for appointment of counsel. This backdoor attempt to challenge the constitutionality of arraignment statutes should not be entertained at this injunction stage; nor is federal habeas the proper legal vehicle for such a challenge. If Petitioners seek to challenge ORS 135.010, *et seq.*, as unconstitutional under the Sixth Amendment or the Oregon Constitution, a 1983 action or a state court action is the appropriate vehicle, not habeas. Accordingly, Petitioners fail to demonstrate they will suffer irreparable harm

without appointed counsel within 48 hours and fail to meet the second prong of the test for a preliminary injunction.

### B. The Balance of Equities Tips Against Petitioners

Furthermore, the balance of equities tips against Petitioners' amended relief. A preliminary injunction is an extraordinary remedy "never awarded as of right[,]" thus, each case requires the court to "balance the competing claims of injury" and "consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24-25 (internal citation omitted). Specifically, "[i]n exercising their sound discretion, court of equity should pay particular regard for the public consequences in in employing the extraordinary remedy of injunction." *Id*., quoting *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed.2d 91 (1982). In this instance, the requirement that counsel be appointed within 48 hours would pose an untenable burden on the process for appointment of counsel, given that 48 hours is less than the typical time frame for appointment of counsel. (Stimler Dec. ¶ 2). Furthermore, in instances where custody occurs on a weekend or a holiday, it is impossible to appoint counsel with 48 hours, given court calendars and schedules. *Id*. If Petitioners' sought-after relief is granted, large numbers of individuals will be released into the community, all on the possibility that an extremely small number of those class members *might* suffer some speculative harm from being unable to testify at a grand jury hearing. Furthermore, Petitioners have not shown why release is the only appropriate remedy for the alleged harm—if a defendant falls into the small category of individuals that wishes to testify at the grand jury, their appointed counsel is presumably capable of filing a habeas motion or arguing that the indictment is invalid because of the alleged deprivation of right—remedies that are all significantly less disruptive than the 48 hour timeline proposed by Petitioners. Accordingly, that significant disruption

Page **4** of **6** – **RESPONDENT SHERIFF PATRICK GARRETT'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTIONS**

resulting from Petitioners' proposed remedy when posed against the relatively minimal possibility of a deprivation of a little-used right, the tips the balance of equities against them.

### C. Granting Petitioners' Relief Poses Significant Public Safety Risks

Finally, the fourth prong significantly militates against Petitioners. Under their proposal, and given the statutory timeline for appointment of counsel, there are radical public safety risks that would stem from their proposed remedy. Under their sought-after injunction, all individuals charged with a crime—from Murder to Theft III—would be required to be released, without specific circumstantial consideration, if not appointed counsel within 48 hours.[1] If, for instance, an individual is arrested for mass murder on a Friday night before a long holiday weekend, because there are no court proceedings over the weekend, that individual would be ordered released into the community under Petitioners' proposed scheme. Given the significant public safety risks posed by the proposed relief, the fourth prong of the preliminary injunction test tips against granting the relief sought in Petitioners' Motion for Preliminary Injunction.

### III. Conclusion

Petitioners fail to exhaust their state law remedies and seek relief that is not appropriate given the nature of the alleged deprivation of constitutional rights. In addition, the *de facto* challenges to various state statutes as unconstitutional are inappropriate here. Respondent Garrett respectfully asks that this Court apply the doctrine of *Younger* abstention and deny Petitioners' request for a preliminary injunction, or in the alternative, deny the preliminary injunction

---

[1] Petitioners do not explicitly state when the 48-hour clock begins to run, but their citation to *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) appears to begin at arrest, though it is unclear what they are referencing when they state that the clock begins with the beginning of "adversarial proceedings." [ECF 37 at 12].

because Petitioners have failed to meet the second, third and forth prongs of the test for a preliminary injunction.

DATED: September 26, 2023.

                                             *s/Eamon McMahon*
                                             Eamon McMahon, OSB No. 153879
                                             Assistant County Counsel II
                                             *eamon_mcmahon@washingtoncountyor.gov*
                                             Attorney for Respondent Sheriff Patrick Garrett