Julie Vandiver, AR Bar 2008285
Assistant Federal Public Defender
Email: Julie_Vandiver@fd.org
Jessica Greenlick Snyder, OSB 134911
Assistant Federal Public Defender
Email: Jessica_Snyder@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
Attorneys for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WALTER BETSCHART, JOSHUA SHANE BARTLETT, CALEB AIONA, TYRIK DAWKINS, JOSHUA JAMES-RICHARDS, TANIELA KINI KIN LATU, RICHARD OWENS, LEON MICHAEL POLASKI, ALEX SARAT XOTOY, TIMOTHY WILSON, JEFFREY DAVIS, RICHARD AARON CARROLL, SR., JENNIFER LYN BRUNETTE, NICHOLAS WALDBILLIG, DEREK PIMENO ZAVALA, CURTIS RAY ANTHONY REMINGTON, CRISTA JEAN DAVIS, NICHOLE LYNN WHALEN, and JACOB ISAAC NATHANIEL COLE, on their behalf, and on behalf of all others similarly situated,<br><br>    Petitioners,<br><br>v.<br><br>SHERIFF PATRICK GARRETT, Washington County Sheriff, in his official capacity, and WASHINGTON COUNTY CIRCUIT COURT JUDGES, in their official capacities, and THE STATE OF OREGON, | Case No. 3:23-cv-01097-CL (LEAD)<br><br>RESPONSE TO MOTION TO INTERVINE |

Page 1 RESPONSE TO MOTION TO INTERVINE

Respondents.

-- AND --

DYLAN SCOTT TULIO, and MARCO NAVARRETE, on their behalf, and on behalf of all others similarly situated,

    Petitioners,

v.

NATHAN SICKLER, JACKSON COUNTY SHERIFF, in his official capacity, and THE STATE OF OREGON,

    Respondents.

Case No. 1:23-cv-01533-MC

The Petitioners, on behalf of the certified class, submit the following response to Hamid Michael Hejazi's Motion to Intervene. ECF 127.

## Background

This is a class action habeas suit, in which the Court certified a class of individuals who are (1) indigent and unable to afford an attorney, (2) facing criminal charges in Oregon, and (3) physically housed in a jail in Oregon. ECF 113 at 2. The Court issued a preliminary injunction on November 14, 2023 (ECF 113), which has been in effect since it was affirmed by the Ninth Circuit Court of Appeals. *Betschart v. Oregon*, 103 F.4th 607 (9th Cir. 2024).

Page 2 RESPONSE TO MOTION TO INTERVENE

On May 16, 2025, Mr. Hejazi filed an "Intervenor's Motion for Federal Relief/with Declaration in Support." ECF 127. The Court ordered the parties to respond by May 30, 2025. ECF 128. Mr. Hejazi is in custody of the Lane County Sheriff on several municipal charges, including disorderly conduct, criminal trespass, menacing, and harassment. The Municipal Court for the City of Eugene issued an order on May 19, 2025, that Mr. Hejazi "waived his right to court appointed counsel through his own conduct" as described in a previous opinion. Nevertheless, since Mr. Hejazi's motion to intervene was filed, he appears to have been assigned court-appointed counsel.[1] Mr. Hejazi moves for intervenor status on grounds that he will represent "the interests of those charged criminally before the Oregonian municipal courts." ECF 127 at 1. Because the interest of those criminally charged in municipal courts is adequately protected by the existing parties, and the intervention may delay or confuse the issues in this matter, intervention is not required, and the Court may decline intervention.

**Legal Standards**

Intervention is governed by Federal Rule of Civil Procedure 24, which recognizes two types of intervention: intervention of right and permissive intervention. Intervention of right requires the following showings: 1) a timely motion to intervene; 2) an interest relating to the action; 3) the disposition of the case may impair or impede their ability to protect the interest; and 4) the interest is not adequately represented by the existing parties. FRCP 24(a); *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2011). The applicant bears the burden

---

[1] *See* Eugene Municipal Court Docket, Citation 25PC00000468-04 (available at https://www.municipalrecordsearch.com/eugeneor/Cases/Detail?referrer=Case&citationNumber=25PC00000468&violationNumber=04&SearchBy=Name&SearchByNameCriteria.LastName=hejazi&SearchByNameCriteria.FirstName=hamid).

Page 3 RESPONSE TO MOTION TO INTERVINE

to prove all four requirements. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry*, 587 F.3d at 950.

The Ninth Circuit directs that when considering the adequacy of the representation, the "most important factor 'is how the [proposed intervenor's] interest compares with the interests of existing parties.'" *Eashoo v. Iovate Health Sciences U.S.A., Inc.*, 2015 WL 12696036, *7 (C.D. Cal. 2015) (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086 (citing *League of United Latin Am. Citizens*, 131 F.3d 1297, 1305 (9th Cir. 1997)). Under such circumstances, the proposed intervenor must make "a compelling showing" to demonstrate inadequacy of representation. *Arakaki*, 324 F.3d at 1086 (citing 7C Wright, Miller, and Kane, § 1909, at 318-319).

Permissive intervention is allowed, but not required, when a person "has a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). "The existence of a common question of law or fact does not automatically entitle an applicant to intervene." *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). In exercising its discretion to allow or deny permissive intervention, the court must consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). The Court may also deny permissive intervention when it would "undermine the efficiency of the litigation process." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

**Argument**

### A. Intervention of right is not appropriate because Mr. Hejazi's interests are adequately represented by the existing parties.

Mr. Hejazi is a member of the existing certified class because he is indigent, facing criminal charges in Oregon, and physically housed in a jail in Oregon. Indigent defendants facing charges initiated in municipal courts within Oregon are not excluded from the class. *See* ECF 113 at 2 (defining the class to include any indigent defendant "facing criminal charges in Oregon"). Mr. Hejazi's interests are not distinct from the interests of the other class members who seek to vindicate the constitutional rights of indigent defendants unconstitutionally denied counsel in Oregon. The petitioners and Mr. Hejazi share the "same ultimate objective'—the release of defendants in Oregon who are held in jail and are wrongfully denied counsel. While Mr. Hejazi is now represented by counsel, even if he were not, he has made no "compelling showing" demonstrating the inadequacy of the existing representation. *See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (concluding that there was "no reason to believe" that the issue raised by the proposed intervenor would not be "fully and vigorously litigated" by the existing class representatives); *Eashoo*, 2015 WL 1269036 (finding adequacy of representation for class member who attempted to intervene due to adequacy of representation). Accordingly, the requirements of intervention of right are not satisfied.

### B. Intervention of Mr. Hejazi may undermine the efficiency of the litigation.

The Court should also deny permissive intervention because it may undermine the efficiency of the litigation. If class members like Mr. Hejazi are grated intervenor status, additional resources of the parties and Court will be required to respond to pleadings during litigation, and it likely will unnecessarily complicate the upcoming mediation process. Other

Page 5 RESPONSE TO MOTION TO INTERVENE

courts, in denying intervenor status to a class member, have held that efficiency of the litigation is an important consideration when the potential intervenor's interests are already protected by the existing class. For example, in a class action suit relating to conditions of confinement, the Tenth Circuit held that a district court appropriately denied permissive intervention of an existing class member because the class member was "similarly situated with the other members of the class" and their intervention "would not aid the class in its attempt to correct the allegedly unconstitutional conditions," but "would only clutter the action unnecessarily." *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992). Similarly, because Mr. Hejazi is a class member whose interests are protected by the class representatives and class counsel, his participation as an intervenor to assert the same interests would unnecessarily undermine the efficiency of the litigation. *See also Bergman v. Thelen LLP*, 2009 WL 1308019 (N.D. Cal. 2009) (holding that permissive intervention of existing class members to assert the same claims was "pointless" and should be denied).

## Conclusion

For the above reasons, Mr. Hejazi has not met the requirements for intervention of right, and the Court may in its discretion decline to permit intervention as it may interfere with the efficiency of the litigation.

Dated: May 30, 2025.

                                                       */s/ Julie Vandiver*
                                                      Julie Vandiver
                                                      */s/ Jessica Snyder*
                                                      Jessica Snyder

                                                      Counsel for Petitioners

**CERTIFICATE OF SERVICE**

I herby certify that on May 30, 2025, I served a true and correct copy of the foregoing Response to Motion to Intervene by placing it in the United States Mail, postage prepaid, addressed to:

Hamid Michael Hejazi
3925882
Lane County Jail
101 SW 5th Avenue
Eugene, OR 97401

Respectfully submitted on May 30, 2025.

                                                /s/ Zita Y. Flores
                                                Zita Y. Flores
                                                Paralegal