Hamid Michael Hejazi
Inmate ID #3925882
Lane County Adult Corrections
101 West 5th Avenue
Eugene, OR 97401

FILED 10 JUN '25 10:47 USDC-ORP

## In The United States District Court For The District Of Oregon

| | |
|---|---|
| Walter Bestchart, Et Al., Petitioner(s) vs. Sheriff Patrick Garrett, Et Al., Respondent(s). Intervenor: Hamid Michael Hejazi | Case No. 3:23-CV-01097-CL Intervenor's Reply to Responses to 'Motion to Intervene and for an Enforcement Order' /with Declaration in Support |

Intervenor replies to the responses filed to his 'Motion to Intervene and for an Enforcement Order', clarifying the basis for the relief sought in the same, and now, further justifying the basies therefor, as set forth in the supplemental arguments articulated in the enclosed 'Intervenor's declaration', he seeks this court's relief.

Respectfully Submitted,

Dated, June 5, 2025

*/s/ Michael*

Hamid Michael Hejazi

Page 1 of 7 | Intervenor's Reply

Declaration of Intervenor Hamid Michael Hejazi

I, Hamid Michael Hejazi, intervenor, declare that the following is true and correct:

I am over the age of eighteen (18) and competent to give this declaration; given in support of my motion to intervene and for an enforcement order. My motion should be granted for the following reasons and requests made of this court, for notice to be taken:

1. I request that this court take further judicial notice of the already filed 'Intervenor's Motion for Appointment of Counsel' as well as 'Intervenor's Arguments' — as to Municipal courts of 'no-record' — both filings being omitted and not addressed in the responses filed, to intervenor's motion to Intervene and for an enforcement order; since these intervenor's filings address the singular class-interest theory advanced by me, the intervenor-author, that the 'municipal no-record' courts merit specific relief assurance(s) as to enforceability and sustainment, delay, mootness or pointlessness, and the efficiency of his, intervenor's, my participation for a class-interest in this case.

2. I further request that this court take further judicial notice of the enclosed two (2) appended records: Inmate Request form and County Sheriff's designee's response; demonstrating some of my efforts made at getting enforcement of my right to pretrial release upon seven (7) days in-custody without appointment of indigent defendant's public defender — made to no avail — there being no record in the Eugene Municipal Court (EMC) to consider;

showing that my motion to intervene and for enforcement of this court's injunctive relief order is not 'moot,' as it's attested to being in the responses filed thereto.

3. I argue that litigation in this case will not achieve the same result without my intervention; for: (a) the unique class interests of those detained and before a muni. no-record court' (evidenced by the lack of release enforcement in my own cases before the Eugene muni. court), as the petitioners' counsel(s) (nor the state's) have or will represent the Oregonian Muni. no-record formated courts; setting aside the state's representatives, the petitioner's counsels explicitly refuse to do so—as attested to durring several recent communications exchanged with me recently* —thus they will not make any necessary arguments particular to muni. no-record courts, nor are they so willing or able; and, made a party, I would raise an argument (as it is already before this court, no. 1 supra) that the other parties would neglect; (b) no-doubt, the state will will not so advance either — my side and class-interest opposing the government; and thus my intervention and sought after enforcement is not merely a matter of strategic maneuvering; (c) wherein the exsisting representations to this court by the parties, evidenced by the lack of enforcement in my own muni. case demonstrates, leaving myself and others before muni. no-record courts being excluded — by design (open to abuses); a serious omission; (d) wherein the end result of litigation will not be the same; for the parties have not and will not made (make) due remediation for such muni. no-

Page 3 of 7 | Intervenor's Reply    *By email(s) and phone calls.

record contrivances (i.e. against the right of counsel durring incarceration) class-interest. — noting that: (e) fairness by a record, by due process assurance(s), is the unique special interest that I represent — seeking intervention 'by right', and intervention 'by discretion' in the alternative; (f) whereas, as a practical issue herein, disposal of a matter impairs a movant for intervention; precluded, impairs the movant's ability to protect its interests — interests that the exsisting parties inadequately represent; (g) class and my own, such prejudice(s) being at stake.

4. Furthermore, there can be no undue delay or prejudice to the exsisting parties, for I do not seek to alter the primary issue, or the nature of the habeas proceeding — the field of litigation — only to raise enforcement as before muni. no-record courts; and, this court can establish conditions of intervention — to ensure that there is no duplication, confusion, or delay, etc (for efficient conduct), there being some wrong at hand — the fact that: the municipal no-record court, as in my own case before the EMC, necessitates, as to relief alone, regarding relief protection, applicability, and enforcibility in no-record courts throughout Oregon (so prone to abuses by consealments and mystifications) — an interest so far left unprotected.

5. There is no reason to create a duplicative case (suit), to deal with relief applicability and enforcement before muni. no-record courts, whereas the issue of illegal confinement by all Oregon courts is at issue already in this case; now onto mediation, relief, and resolutive stages of litigation; and thus this court must or ought to allow my intervention, as representing a specific class-interest, to maintain the flexibility of any relief determination deliberation in this case; the result being broadly innefectual and different otherwise

—I being so far excluded from the relief injunction gotten by the exsisting parties, so far.

6. I having a direct and substantial non-moot interest in the subject matter of the litigation herein is evidenced by, and ought to be construde, as in my own muni. case, as: (a) despite the responses' contention to my motion, no, I never actually waived my right to appointed counsel, Judge Gill's May 19/25 order, come eight (8) days following my due release, only 'imagines-up' that I had done so; and Judge Frederick's earlier 'opinion letter' dated April 8/25 fails to be based upon any actual misconduct adjudicated duly — there never having been a hearing so as to determine my doing some misconduct (see paragraph two (2) in the same opinion and the order of occurrences following my new trespass charge — which at the time resulted in Counsel Lissa Casey suddenly refusing to represent me in my new charge and subsequent unexplained 'confidential' conflict withdrawal from my prior harassment-menacing charge; prosecutor Smith's declaration, underlying both court entries being full of misrepresentations as to my prior conduct; (b) immediately following her appointment ('on a volunteer basis' says the court) counsel Tiffany Howell filed to withdraw due to a conflict — not for any misconduct by me; (c) there is no record to verify any transaction at issue herein, nor any propriety of the muni. court's feined memos or orchastrated pretences at my voluntarily waiving my right to indigent-defendant appointed counsel by my misconduct, ever, whatsoever; (d) on April 15/25 Judge Fredericks recusing Ms. Casey, without a reason examined, the Judge had already been struck as biased (by a filed affidavit) — though before a

no-record court no justice. is had and the judges do as they 'like'; (e) the opinion is wrong about threats — as verified under oath examination by counsel Kevin Swingdoff; counsel John Haapalla never testifying before the muni. court (nor applying for social security benefits for me); (f) the muni. court's finding of misconduct was baseless; (g) and, contrary to respondents' assertion made, I was never, nor ever been, presented with any reasonable opportunity to present my position on the facts (by design); (h) the muni. court only pointing to a 'totality of actions' spanning six and a half years (6.5) years ('since 2019') — somehow triggered by my trespass charge on March 3/25; to wit: this court, if it is to decide that I did somehow waive my right to counsel, should review the entire set of filings made into the court's sealed case journal, notes of judges, emails sent to and from the court about me, and take testimonial depositions from Ms. Casey, Mr. Haápalla, Mr. Swingdoff, Ms. Howell, Mr. Gifford, and the judges presiding over relevant proceedings in the muni. no-record court, under oaths, to be fair, if this court is to decide duly that I had, by May 1/25, my latest incarceration on a new charge, already voluntarily, by misconduct warned of and reviewed before the muni. no-record court, the court duly hearing from me, to explain my actions considered 'bad' (other than the acts alleged in my trespass charge), noting that Ms. Casey also, on that date, March 3/25, my alleged trespass is when, suddenly, without explanation — documented in emails to her, sent to the EMC — refused to 'take on' representing me anew — her cause likely being connected with, I deduce, my pretrial release right to return and sleep at the federally protected site of 'Mosque Shoja'at', which prosecutor Smith aimed to override for political reasons (— as documented by FBI Special Agent Hunter Fisk in report 24-83 Eug. Field

Page 6 of 7 | Intervenor's Reply

office, concerning the Eugene Police Department's attacks upon the new Islamic pulpit, in coercion of me; etc).

7. My endeavors taken to enforce this court's injunctive relief include police report no. (EPD) 25-112624 — to no avail.

I declare under penalty of perjury that the foregoing is true and correct.

~~Executed~~ Executed on June 5, 2025

*(signature)*

Hamid Michael Hejazi

Proof of Service

I, Hamid Michael Hejazi, certify that today I caused a copy of the above 'Intervenor's Reply' to be mailed to respondents' counsel, at:

Dan Rayfield
Office of the Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301

Signed,

Hamid Michael Hejazi

Dated, June 5, 2025

Page 7 of 7 | Intervenor's Reply

*(Seven-day without public defender contempt release)*

**Lane County Sheriff's Office**
**Adult Corrections Division**

**INMATE REQUEST FORM**
**Hoja de Petición de Preso**

Case 25-06962, Et Al.

Name / Nombre: Hamid Michael Hejazi   AIRS #: 3925882   Housing Unit / Celdo: Eax-N1   Date / Fecha: May 6/25

RECEIVED MAY 08 2025 — MX INITIALS — EUGENE MUNICIPAL COURT

Request To: (Check One Only) / Petición dirigida a:
- Shift Supervisor
- Mental Health Services
- Alcohol/Drug Services
- Education
- Classification
- Medical Services
- Inmate Work Program
- Chaplain
- ✓ Other / Otra Cosa: Eugene Muni. Court Bailiffs — for Hon. Judge Gill (25-06962)

Issue: Want of counsel appointment.

**Request:** Dear Hon. Presiding Judge Gill (Attn Court Clerk), Pursuant to U.S. District Court Hon. Presiding Judge McShane's contempt order upon all Oregon Courts — as to the Washington County Public Defender rqst (as argued before this the Eugene Muni. Court by Attorney Lissa Casey in case 2407933 (Harassment & menacing) before Hon. Judge Fredericks, since I have been in custody seven (7) days as of when you'll receive this notice, I request an immediate order of release — on a release agreement; and if this court and/or you ignore this request or otherwise fail to order my release accordingly, I will immediately request that the U.S. District Court impose a contempt order against you and your court accordingly. You are thus duly admonished. Thank you.

**Response:** YOUR CORRESPONDENCE HAS BEEN REVIEWED. YOU MATTER IS WILL BE ADDED TO 5/13/25 @ 11AM. YOU WILL HAVE THE OPPORTUNITY TO SPEAK TO THE JUDGE AT THAT TIME. THANK YOU.

Name: NEAL   Date: 5/12/25   Time: 7:31AM

Unit Officer Receiving – Comments:

C77-145   Revised 07/2013

Exhibit 1



May 12, 2025

Mr. Hejazi:

This is a matter between you and the Eugene Municipal Court, a judicial entity that does not operate as a division of the Lane County Sheriff's Office and is, therefore, not beholden to the Lane County Jail's grievance policies and procedures.

As the Jail Commander, Captain Rice has no authority over whether the Eugene Municipal Court assigns you an attorney and the jail cannot release you without an order from the court. You have the option of posting bail if you want to explore it.

Additionally, you previously sent a kite addressed to Eugene Municipal Court bailiffs (and Judge Gill) dated May 6, 2025, in which you request *"an immediate order of release"* relative to the number of days you've been in custody without being assigned a court-appointed attorney. That kite was documented on May 8, 2025, as having been sent to the municipal court.

If you are dissatisfied with how the Eugene Municipal Court is addressing your needs, you are free to file a complaint with the court through the proper channels.

Sgt. Cleland

- Responding to a kite dated 05/09/25, addressed to "Greivance Supervisor"

Exhibit 2

Hamid M. Hejazi
Inmate 3925882
Lane County Jail
101 West 5th Ave.,
Eugene, OR 97401

PORTLAND OR 972

7 JUN 2025 PM 2 L

Legal Mail

Court Clerk (Clerk)
U.S. District Court for Oregon
1000 SW 3rd Ave
Portland, OR 97204

97204

97204-293790